T. PASCO RODGERS AND BEATRICE RODGERS, *Appellants*, v. HANCHETT BOND COMPANY, A CORPORATION, *Appellee*.

Division B.

Opinion Filed January 9, 1928.

Petition for Rehearing Denied March 6, 1928.

*H. D. Wentworth,* for Appellants;

*John De Marco* and *A. F. Cornelius,* for Appellee.

WHITFIELD, P. J.—This appeal is from a decree enforcing the lien of a certificate of indebtedness issued by the county upon special assessments of abutting property for road improvements under Chapter 9316, Acts of 1923. The statute provides that ''whenever the owner or owners of two-thirds of the property abutting on any public road, or any continuous portion thereof, in any county having a population of not less than 75,000 and not more than 100,000 according to the Federal census of 1920, outside the corporate limits of any municipality, shall present to the Board of County Commissioners of such county a petition duly signed by them asking that such public road be paved, and graded, and curbed, or paved, or graded, or curbed, then it shall be the duty of such Board of County Commissioners to grant the said petition and order the said public road or portion thereof to be paved, and graded, and curbed, or paved, or graded, or curbed as the petitioners may request; the determination of the said Board as to the sufficiency of the petition shall be final and conclusive. After the improvement has been completed the entire cost thereof shall be assessed against the property abutting upon said public road or portion thereof so paved, and graded, and curbed, or paved, or graded, or curbed, in proportion to the frontage of such public road.

Sec. 2. All such assessments for any improvements made under the provisions of this law shall constitute a prior lien to all other liens, except taxes, upon the property against which the assessment is made.''

The Court erroneously sustained an exception to a portion of the answer of the defendants denying that the owners of two-thirds of the abutting property duly signed

a petition for the road improvement, since that was a prerequisite to action taken by the county commissioners, and may be judicially determined.

Likewise it was error to sustain exceptions to portions of the answer denying that the notice required by the statute was given and averring that the assessment was made without regard to benefits to the owners of the property assessed, since the statute expressly requires notice and also contemplates that the benefit to the property directly resulting from the improvement shall be at least equal to the special assessment as made. The evidence does not clearly render these rulings harmless error. It does not appear that the defendants have waived their rights in the premises.

The decree is reversed for appropriate proceedings.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., concurs in the opinion and judgment.