E. H. HART, *Plaintiff in Error*, v. W. B. PIERCE, *Defendant in Error*.

En Banc.

Opinion filed December 18, 1929.

1088

*C. E. Farrington* and *Thomas M. Lockhart,* for Plaintiff in Error;

*Farmer & Grantham,* for Defendant in Error.

ANDREWS, Commissioner:

This case is here upon writ of error to the Circuit Court of Broward County.

This suit was brought in the name of W. B. Snyder and E. H. Hart but the trial court sustained a demurred alleging misjoinder of plaintiffs and thereby eliminated W. B. Snyder from the case as plaintiff.

The declaration is in five counts the first of which is based upon an express contract while the remaining four are common counts. After the trial court had sustained a demurrer to the first count "without leave of the plaintiff to amend said first count," the case went to trial on the second count "for money payable by the defendant to plaintiff for work done and material furnished by plaintiff for defendant at his request," which resulted in a directed verdict for defendant.

The second assignment of error is based upon the sustaining of the defendant's demurrer to the first (or special) count of the declaration.

The first count reads as follows:

W. B. Snyder and E. H. Hart, by Farrington & Lockhart, their attorneys, sue W. B. Pierce, defendant herein, for this:

FIRST COUNT: That heretofore, to-wit: On or about the 5th day of January, A. D. 1925, the defend-

ant, W. B. Pierce was the owner in fee simple of the following described tract or parcel of land, situate, lying and being in Broward County, Florida, to-wit:

Lots One (1), Two (2), Three (3), Four (4), Five (5), Seven (7), Seventeen (17), Eighteen (18), Nineteen (19), Twenty-seven (27), and Twenty-eight (28) of Citrus Park Farm, containing in the aggregate Seventy-seven and one-fourth (77¼) acres of land, lying in Section Four (4) and Five (5), Township Fifty (50) South Range Forty-two (42) East, in Broward County, Florida.

That on said date the plaintiffs, W. B. Snyder and E. H. Hart, were duly and regularly licensed real estate agents and brokers, and operating their business in the City of Fort Lauderdale, County of Broward and State of Florida, and associated together in the conduct of their said business as limited partners as to the matters and facts hereinafter mentioned.

That on said date, the defendant, W. B. Pierce, entered into an agreement with E. H. Hart, one of the plaintiffs herein, wherein and whereby the said defendant listed with the said plaintiff, for sale, the above described lands at the price and sum of Five Hundred ($500) Dollars per acre, and therein agreed to pay the said plaintiff real estate agent or broker's commission for said services, the sum of ten per cent upon the total sale price of said lands; that said plaintiff thereupon accepted said listing and entered into the employ of said defendant for the purpose of serving said defendant as real estate agent or broker in selling said land upon a commission of ten per cent upon the total sale price thereof, to-wit: Five Hun-

dred ($500) Dollars per acre, estimated on the acreage of seventy-seven and one-fourth (77¼) acres, or $38,666.66, and that thereafter, on the 9th day of January, A. D. 1925, and while said contract was in full force and effect, said E. H. Hart, one of the plaintiffs, with the assistance of W. B. Snyder, the other plaintiff, procured a purchaser for said lands at the price and sum of Five Hundred ($500) Dollars per acre, according to the terms of payment satisfactory to the said defendant, to-wit: Five Hundred ($500) Dollars cash in hand paid, and Five Hundred ($500) Dollars to be paid within fifteen days from the said date, and the balance of one-fourth of the total purchase price to be paid within thirty (30) days from said date, and the remaining balance of the purchase price of said lands to be paid by said purchasers upon such terms as might be agreed upon between sellers and purchasers, after the said payments hereinbefore mentioned had been made.

That E. H. Hart, one of the plaintiffs herein, advised the said defendant on the said 9th day of January, A. D. 1925, of the sale of said lands, and the terms thereof; all of which was satisfactory to the defendant, and were approved by him; whereupon the purchasers through the said services of the plaintiffs herein paid to the defendant the said Five Hundred ($500) Dollars agreed to be paid on the said date, but thereafter, and before the second Five Hundred ($500) Dollars was to be paid, fifteen days after the said 9th day of January, 1925, and while the said defendant was still the owner of said lands, the said defendant decided not to carry out the terms of his said sale, and as a result of change of purpose upon his part so to do, failed, neglected and refused to further pro-

ceed with said sale, or to carry out the terms of his said agreement for the sale of said land, but on the contrary, and while the purchasers of said land were ready, able and willing to perform their said contract and to complete the purchase of said lands, the said defendant for a valuable consideration obtained from said purchasers a release of their said contract to purchase said lands, thereby enabling defendant to discontinue the sale of said lands to said purchasers and prevent the completion of the negotiations toward the final consummation of said sale through the services of plaintiffs.

Plaintiffs further allege that they performed each and every condition, stipulation, covenant and agreement of their said contract with defendant; that within the time specified under their agreement, and while said agreement was in full force and effect, they procured purchasers ready, able and willing to purchase said land and effected their contract so to do, and that although the defendant for a valuable consideration, which plaintiffs allege defendant paid to said purchasers, acquired the release of defendant from the performance of his contract with purchasers for the sale of said lands. Plaintiffs had earned the compensation for their services in defendant's behalf expended, to-wit: Ten per cent estimated upon the sale price of said lands, which amounts to ten per cent of Thirty-eight Thousand, Six Hundred Sixty-six Dollars, and Sixty-six Cents ($38,666.66).

Wherefore, plaintiffs claim damage against the defendant in the sum of Five Thousand ($5,000.00) Dollars and bring this suit.

Defendant's demurrer interposed to the above special count is as follows:

And defendant demurs to the first count of said declaration and says that:

The same is bad in substance and the points of law intended to be argued in support of this demurrer to the first count are:

1. Said count fails to allege sufficient facts to entitle plaintiff to recover the amount sued for or any part thereof.

2. Because the said count fails to allege that the plaintiff procured from the alleged purchasers a binding contract of purchase within the terms of their authority or effected a sale of the property in said declaration described.

A motion for compulsory amendment of the special count of the declaration was also interposed.

The order of the court on both the demurrer and motion for compulsory amendment is as follows:

This cause having come on to be heard upon the demurrer of the defendant to the plaintiff's declaration and to the first count of said declaration and upon the motion of the defendant for the entry of an order herein requiring the plaintiff to amend the first count of his declaration in certain respects; and the court having heard the argument of counsel and duly considered the matter:

It is thereupon ORDERED AND ADJUDGED that said demurrer to the plaintiff's declaration in its entirety be and the same is hereby overruled and that the said demurrer as to the first count of the plaintiff's declaration be and the same is hereby sustained without leave to the plaintiff to amend said first count.

Said demurrer as to the first count of the plaintiffs'

declaration having been sustained, no ruling upon said motion for compulsory amendment is necessary or required.

The court in his order on the demurrer expressed no reasons for sustaining it and it must be assumed from the course subsequently followed that it was based upon the defendant's second ground: ''That the said count fails to allege that plaintiff procured from the alleged purchaser a binding contract of purchase within the terms of their authority, or effected a sale of the property.'' It will be observed that the special count alleges, first, that the defendant and plaintiff entered into an agreement whereby the said defendant listed with the said plaintiff, for sale, the above described lands at a price and sum of Five Hundred ($500) Dollars per acre and therein agreed to pay said plaintiff a commission of ten per cent upon the total sale price of said lands and that plaintiff accepted said listing estimated to be 77¼ acres, and second, that while said contract was in full force and effect plaintiff ''procured a purchaser for said lands·at the price of $500.00 per acre according to terms of payment satisfactory to said defendant, to-wit:

Five Hundred ($500) Dollars cash in hand paid, and Five Hundred ($500) Dollars to be paid within fifteen days from the said date, and the balance of one-fourth of the total purchase price to be paid within thirty. (30) days from said date, and the remaining balance of the purchase price of said lands to be paid by said purchasers upon such terms as might be agreed upon between sellers and purchasers, after the said payments hereinbefore mentioned had been made.''

Third, the declaration further alleges that plaintiff advised defendant ''of the sale of said lands and the terms

thereof; all of which was satisfactory to the defendant and were approved by him,'' and the defendant was paid the $500.00 down payment and before the second $500.00 was to be paid defendant decided not to carry out the terms of his said agreement for the sale of said lands but on the contrary and while the purchaser was ready, able and will-ing to perform their said contract and complete the purchase of said lands, the said defendant for a valuable consideration obtained from said purchaser a release of their contract to purchase said lands.

The brief of defendant in error discussing this point contends that the court ruled properly and ''there was no abuse of discretion in that it affirmatively appears on the face of the declaration that the plaintiff was employed *to sell* the land, and instead of performing his contract of employment, he simply procured a purchaser.''

This Court has consistently adhered to the principle that where a broker is employed to ''sell'' property, as distinguished from a broker employed to ''find a purchaser'' ready, able and willing to buy, he is not as a general rule, entitled to compensation until he (1) completes the sale, leaving nothing for the owner to do but execute the necessary transfers of the title of the property, or (2) he procures from his customer a binding written contract of purchase within the terms of his contract of employment. Malever v. Livingston, 94 Fla. 1238, 116 So. R. 15, and cases therein cited.

Construing the pleading most strongly against the pleader, it may be conceded that the special count of the declaration in the present case to which a demurrer was sustained does allege that the defendant employed the plaintiff *to sell* the property.

There can be no sale of property, however, without a *purchaser* ready, able and willing to buy at the agreed

price; nor can there be a consummated sale if the seller refuses to perform. A broker in listing property would probably use the term of common parlance, "for sale." He does not ordinarily list it to "find a purchaser" in terms. Ultimate "sale" is usually the end sought and often the negotiations are prolonged before all papers are finally executed and delivered.

No binding contract of purchase is alleged as having been made in writing between seller and purchaser, in fact the declaration shows that that point in the negotiations had not been reached when through the acts of the owner and after accepting a payment to bind the agreement the sale was "cancelled" through an agreement between owner and purchaser "for a valuable consideration" paid by the owner to purchaser. Up to the time the owner paid the consideration to "call off" the sale the plaintiff appears to have been performing his part of the executory contract of listing and selling the property. The negotiations for the purchase whether the plaintiff's agreement was "to sell" or "produce a purchaser" appears to have been halted at the instance of the owner and not at the instance or by the acts of the purchaser or broker.

The negotiations must have been proceeding according to terms prescribed by the defendant and considered binding at least in the mind of the defendant, otherwise he would not have paid the alleged valuable consideration in order to procure a cancellation of the negotiations.

A careful reading of the special count discloses that the allegations could have been improved, but we do not think it wholly fails to state a cause of action.

In this connection it is observed that, so far as the record shows, this was the first declaration filed in this cause. Court Rule 29 governing law cases and Section 4295 of the Compiled General Laws of Florida, confer upon the courts

of this state a very wide discretion in granting leave to amend any pleading, and by Section 4296 may cause compulsory amendment. In fact in the sound discretion of the trial court amendments may be made to a declaration or other pleading any time during the trial. Mansfield v. Brigham, 91 Fla. 109, 107 So. R. 336.

In the present case the record does not affirmatively show that plaintiff made "application" to the court as provided by said Section 4295 to permit him to amend his declaration to meet the objections arising from the demurrer. Rule 29 requires no application but seems to put it in the discretion of the court to grant or require amendment as he sees fit.

It is observed that defendant filed a motion for compulsory amendment which the court disposed of by his order on the demurrer. As before stated, the order of the court sustaining the demurrer contains a provision that would preclude a request by plaintiff for amendment wherein it states that the demurrer is sustained "without leave to the plaintiff to amend said first count." Whether the plaintiff was employed to effect "a sale" in its technical meaning, or employed to "produce a purchaser ready, able and willing to buy" it is quite evident from what is alleged that the defendant of his own volition, and while negotiations were proceeding satisfactorily, paid the purchaser to cancel the agreement, which he had a right to do in so far as the vendor and purchaser were concerned but their acts could not under our law deprive the broker of his alleged earned commission. It appears that the plaintiff had a cause of action based upon the breach by the defendant of an alleged agreement which so far as the record shows to the contrary, was being carried out by plaintiff as far as lay within his power, and he might well have been allowed to amend his special count to state it

more clearly after gaining information disclosed from arguing the demurrer. But, we go further, and conclude that the demurrer should have been overruled in the first place.

In the recent case of Walker v. Chancey, 96 Fla. 82, 117 So. R. 705, this Court held:

"It is a general principle of law that he who himself prevents the happening or performance of a condition precedent, upon which his liability, by the terms of the contract, is made to depend, cannot avail himself of his own wrong and relieve himself from his responsibility to the obligee, and shall not avail himself to avoid his liability, of a nonperformance of such precedent condition, which he has himself occasioned, against the consent of the obligee."

And again in the case of Hutchins v. Sherman, 82 Fla. 167, 89 So. R. 430, this Court said:

"The authorities uniformly hold to the effect that, where a broker procures a customer willing, ready and able to purchase property offered for sale according to the terms of the offer, and the transaction is defeated on account of some fault of the principal, the broker is entitled to his commission, although the transaction is not consummated."

9 C. J. 623; 4 R. C. L. 323; Camp Lumber Co. et al. v. Tedder, 78 Fla. 183, 82 So. R. 865; Dotson v. Milliken, 209 U. S. 237, 52 L. Ed. 768.

The conclusion here reached is not in conflict with that line of cases commencing with Wiggins v. Wilson, 55 Fla. 246, 45 So. R. 1011, cited and followed in Malever v. Livingston, *supra*. In fact, it is strongly intimated in Malever v. Livingston that if the declaration in that case had alleged that the failure of the plaintiff to effect a consummation

of the sale had been caused by the refusal to perform on the part of the principal, the declaration would have been held good. Attention is directed to the latter portion of the opinion in that case wherein 9 C. J. 623 is cited. It will be noted that the paragraph cited in Corpus Juris reads as follows:

"As a general rule, where a broker finds a customer able and willing to enter into a transaction on the terms proposed by the principal, he cannot, unless there is a special contract to the contrary, be deprived of his right to his commissions by reason of the transaction failing on account of some fault of the principal, such as by the principal refusing to complete the transaction, as where he refuses to complete a sale, purchase, exchange, or loan, unless he has good grounds for his refusal. But to entitle a broker to a commission for negotiating a transaction which failed of consummation, the failure must be due to the refusal or default of the principal, and not to some fault of the broker."

Inasmuch as this case went to trial on the common count for labor performed by the plaintiff at the defendant's request we have the benefit of the testimony of the plaintiff Hart and that of the alleged purchaser—Louis F. Maier—such as the trial court permitted. This seems to indicate clearly that the plaintiff should have not been deprived of the usual privilege granted to amend the first declaration filed in the case.

Having held that the trial court erred in sustaining the demurrer, and also in depriving the plaintiff of the usual privilege of amending the special count of his declaration as first filed, it becomes unnecessary to discuss other phases of the case touching the issues raised on the trial.

It appears unnecessary to discuss the other assignments of error. The case is reversed for further procedure in accordance with law, and it is so ordered.

Reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed for appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.