MRS. W. J. WADDELL, whose first name is CARTIE WADDELL, *Plaintiff in Error,* v. J. P. HOLBROOK COMPANY, *Defendant in Error.*

146 So. 668.

147 So. 213.

Decision filed February 21, 1933.

Re-hearing denied March 28, 1933.

*George P. Garrett,* for Plaintiff in Error;

*Dickinson & Dickinson,* for Defendant in Error.

PER CURIAM.—The above cause being now before the Court upon a writ of error from the Circuit Court of the Seventeenth Judicial Circuit, in and for Orange County, Florida, and having been argued by counsel for the respective parties, and this Court having seen and inspected the record, and finding no reversible error therein, now being advised of its opinion to be therein rendered, the said cause is hereby affirmed.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., and ROWE, C. J., concur.

TERRELL and BROWN, J. J., dissent.

---

## ON PETITION FOR REHEARING.

DAVIS, J. C.—Plaintiff below, defendant in error here, had a recovery at law on a written contract reading as follows:

" 'Orlando, Florida, 7/31, 1925.

" 'J. P. Holbrook Co.,

" 'You are authorized to sell the property described on the reverse side of this card 2500. Binder at the price of $35,000.00, payable $15,000 cash; balance Terms to suit purchaser at 8 per cent. Semi An.

" 'In the event you find a customer who is able, ready and willing to purchase said property upon the terms stated, or

such other terms as are satisfactory to me, I agree to furnish a complete abstract of title, will make, execute, and deliver to purchaser a warranty deed, and to pay you from the proceeds of first cash payment a commission equal to 5 per cent. of purchase price.

> " 'Mrs. W. J. Waddell, Owner,
> " 'Winter Park Address.' "

Plaintiff showed that he had found for Mrs. Waddell a purchaser who was able, ready and willing to purchase the property upon the terms stated, or such other terms as were satisfactory to Mrs. Waddell. Mrs. Waddell agreed in writing to sell the property to the customers whom plaintiff had produced, and the customer in turn agreed to purchase the same for $35,000.00 payable as follows: $2,500.00 earnest money, which was to be credited on the $35,000.00 when the sale was consummated, balance payable $12,500.00 upon delivery of deeds and remainder in agreed installments. Mrs. Waddell was paid by the customer and accepted from him $2,500.00 on the deal evidenced by the written contract. This was sufficient to entitle plaintiff to claim his 5 per cent. commission on the purchase price which Mrs. Waddell had agreed to pay "from the proceeds of the first cash payment."

A majority of the Court were of the opinion, when the judgment was heretofore affirmed by our memorandum order of February 21, 1933, that plaintiff had earned his commission when the $2,500.00 binder was paid to defendant on her agreement with the purchaser to accept and credit it as part of the cash payment the contract provided should be paid for the land, and that it was immaterial to plaintiff's case, whether or not thereafter the trade was ever consummated pursuant to the defendant's contract of sale with the customer that plaintiff had produced under his listing agreement.

A majority of the Court still adhere to that view, so a rehearing will be denied.

Rehearing denied.

WHITFIELD and BUFORD, J. J., and ROWE, Circuit Judge, concur.

TERRELL and BROWN, J. J., dissent.

BROWN, J.—As I view it, the first cash payment of $15,000.00 was never made. Only a binder of $2,500.00 was paid, which was later returned to the purchaser on account of some objection to the title. The commission was to be paid out of the first cash payment, and as there was no first cash payment, there was no liability for the commission.