## FROEDTERT v. HAINES.

## HAINES v. FROEDTERT.

### No. 10858.

Circuit Court of Appeals, Fifth Circuit.

April 29, 1944.

E. B. Kurtz and R. E. Sappenfield, both of Miami, Fla., for appellant.

Chas. A. Morehead, of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Forrest L. Haines, a real estate broker at Miami Beach, Florida, sued Kurtis R. Froedtert, a resident of Milwaukee, Wisconsin, who owned valuable residential property at Miami Beach, for $10,000 as compensation earned in a negotiation for the leasing of the property. The claim is set forth in the first count as arising on a contract to find a lessee ready, able and willing to lease upon terms agreed to by Froedtert; in the second count as arising on a contract to effect a lease upon agreed terms; and a third count was a quantum meruit for work and services done at Froedtert's request. The judge, trying the case without a jury, found that counts one and two were not proven, but gave judgment for $4,000 on count three. Both sides have appealed.

All the communications of Haines with Froedtert and Froedtert's Milwaukee lawyer were by letter and telegram, and there is but little oral testimony. There was never the usual listing of the property with the broker, with terms stated by the owner. Froedtert first wrote Haines that the former's home was for rent for the coming season and invited an offer from any client of Haines. This led to Haines finding one Williams, who wished to lease for ninety-nine years with an option to buy. Froed-

tert said he would consider a lease for forty-nine years with option to buy at a stated figure which included the house furnishings, everything to be subject to Froedtert's final confirmation. Tedious negotiations covering several months followed, complicated forms of lease being at last prepared and almost agreed on. By this time it developed that Williams wished to make of the property a pleasure resort with fifty to one hundred "cabanas" erected, which would require a permit from the City Council, and Froedtert wished the architect's plans all to be subject to his approval. No agreement seems to have been reached about that. Finally Froedtert insisted that he ought, in view of the proposed alterations, to have two years' rent instead of one paid in advance. That demand, along with the lateness of the season, broke off the negotiations.

The evidence as to any agreement about compensation is this: After the discussion reached the point of drafting a lease, Froedtert, by his attorney, enquired "what charges would be made for commissions or services in connection with the making of this lease". Haines replied that he would expect the regular brokerage commission provided by the Miami Beach Realty Board, according to which there would be an option to pay 5% on the value of the property as figured in the lease, $188,000, which he would agree might be paid one-half when the deal is closed and the remainder when the second year's rental is paid; or "5% on the ground rent when and as paid. Then when the purchase option is exercised you would pay us 5% on the purchase price. In the event the option to purchase is never exercised, you would continue to pay us 5% on the ground rent for 49 years." To that Froedtert answered by wire: "Total commission not to exceed $10,000, payable $2,000 year as rent is collected or unpaid balance payable if option to purchase is exercised. No commission on sale in event option is exercised." Haines answered: "Your proposition as per your wire November 8th for commission payment is satisfactory".

What has been quoted makes it clear that Haines was regarded as serving Froedtert, and was to be paid. It is also clear that if the lease then under discussion had been signed up, Haines was to be paid $2,000 per year as the rent should be collected till he got $10,000, and if in the meanwhile the option to purchase was ex-

ercised the unpaid balance of the $10,000 would be then collectible, but no additional commission on the sale would be due. But the lease was not effected. No rents were ever paid nor was the option to buy executed. Haines, however, would be entitled to damages if he had brought the parties to a full agreement, and Froedtert had capriciously or in bad faith refused to sign the lease. The judge found as a fact that this was not true, but that Froedtert really was insisting that the prepayment of two years' rent was necessary to his protection, and some other minor things were not agreed on. The record indeed contains no proof, except Haines' say-so in a letter, that Williams had accepted all terms and was ready to sign, or that the City Council had formally authorized or approved the plans of Williams. We cannot say that the judge erred in his finding of fact that the lease was not actually effected.

The first count also was not proven, for there is no evidence that Froedtert employed Haines to find a lessee ready, able and willing to lease on terms laid down by Froedtert, and that Haines procured such a lessee. Froedtert continually reserved to himself final approval of everything, and as above stated the negotiations were of a give and take kind in the effort to effect a lease.

We are doubtful as to a recovery being allowable on the third count. It is unusual for a real estate broker to be compensated for a trade that was not quite made. But under the peculiar facts of this case we have concluded that the trial judge did not err in finding some compensation due. Froedtert did request and receive assistance from Haines, who, with his assistants, expended much effort during months of time in the endeavor to make some disposition of the property that Froedtert would approve. If Froedtert had dropped the matter just before the agreement about commissions was made it might justly be concluded that he owed Haines something for his time and efforts. The agreement about commissions of course included compensation for all efforts, but it applied only in case the written lease then under discussion should be agreed on. When Froedtert refused to agree to it, the agreement for commissions went for naught; but the trial judge thought Froedtert, though his refusal was not wholly capricious and in bad faith, had

340

acted "somewhat arbitrarily", and that Haines was remitted to his former right to have some compensation on a quantum meruit. He was not bound by the opinion of the brokers who testified that a larger sum was reasonable.

Judgment on each appeal affirmed.

WALLER, Circuit Judge (dissenting).

The plaintiff was allowed a recovery under the third count which was in quantum meruit, although the evidence shows that he had an express contract with the defendant landowner.

"It is a well-settled rule that, when an express simple contract is open and unexecuted, and plaintiff proceeds for a breach of it, he must declare specially. General assumpsit will not lie. The law will not imply a contract where a valid express one exists. This rule is supported by the great weight of authority. 5 C.J. 1386, and cases cited. Lanier v. Chappell, 2 Fla. 621, 630; Sanderson v. Hagan, 7 Fla. 318, 324; 2 R.C.L. 761; 2 Enc. Pldg. & Prac. 990; Andrews' Stephen's Pldg. 59, 85, et seq.; C. & O. Canal Co. v. Knapp, 9 Pet. 541, 9 L.Ed. 222; Chitty, Pldg. 352." Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853, 858.

Quantum meruit arises out of the concept that even though there is no contract to pay for services, yet when services are rendered to another with the latter's consent and of which the latter got the benefit, there arises the implied obligation to pay the reasonable value of those services. In the instant case, however, there is an express contract which specifies the value of the services to be rendered, the existence of which express contract negatives a right of action under the theory of the nonexistence of a contract. Furthermore, it is difficult to see what benefit could have accrued to the seller in the instant case when no sale or lease was made.

Since the plaintiff had an express contract which was not fully executed, he should have declared specially on said contract for the recovery of damages for the wrongful breach, if any, of his contract. Hazen v. Cobb-Vaughan Motor Co., supra. Or, if he contends that the contract was fully completed on his part, his right of recovery would still be on contract and not on quantum meruit. If it is

the theory of the plaintiff that he produced a person ready, willing, and able to lease the defendant's property upon terms agreed upon and that the landowner wrongfully refused to go through with the lease and that such refusal by the landowner was a waiver of the performance of the conditions precedent, then the suit could be on the contract for the specific commission provided in the contract as distinguished from damages for its breach. Quantum meruit is appropriate only in the absence of an express contract. See Hart v. Pearce, 98 Fla. 1087, 125 So. 243; Livingston v. Malever, 103 Fla. 200, 137 So. 113.

In this case, if the Plaintiff is entitled to recover, it must be: (a) for damages for a wrongful breach of the contract, specially declared upon, or (b) for the commission provided by the contract on the theory that there was a wrongful breach by defendant which waived the performance of the conditions precedent by the broker,[1] which, if proven, would entitle the broker to the present value of his entire commission, but in no event is quantum meruit an appropriate remedy under the facts in this case. I respectfully dissent from the holding that a recovery is allowable in quantum meruit.

---

[1] Hart v. Pearce, 98 Fla. 1087, 125 So. 243; Livingston v. Malever, 103 Fla. 200, 137 So. 113.