HENDRY, Judge.
This is an appeal from a summary final judgment entered in behalf of the appel- *203 lee-corporation which was the plaintiff in the lower court. The complaint was filed in the Circuit Court, Dade County, Florida against the appellants demanding damages as a result of the appellants’ alleged failure to make payment on two promissory notes in the principal amounts of $2,500.00 and $1,940.00. The complaint further demanded damages in the amounts of $544.00, as reasonable attorneys’ fees as provided for in the notes in question, and $133.20, as accrued interest on such notes at the rate of six per cent per annum. The total of the aforementioned damage amounts was $5,117.20. In the last paragraph of the complaint, it was alleged that the appellee demanded “judgment in excess of the jurisdictional amount of this court”.
Appellants, along with their answer, filed a motion to dismiss the complaint and grounded such motion on the failure of the complaint to allege damages in excess of the minimal jurisdiction of the circuit court [1]
Subsequent to the appellants’ motion, the appellee filed its motion for summary judgment, together with supporting affidavits. The court granted the appellee’s motion and entered summary final judgment thereon. The final judgment provided in part as follows:
“That the plaintiff do have, receive and recover of and from the defendants, JAMES E. MOORE and MICHAEL A. LIGHT, the sum of FOUR THOUSAND FOUR HUNDRED FORTY AND NO/100 DOLLARS ($4,440.00) as principal, the sum of ONE HUNDRED FIFTY FIVE AND 40/100 DOLLARS ($155.-40) as interest, FIVE HUNDRED FORTY FOUR AND NO/100 DOLLARS ($544.00) as attorneys fees, TWENTY DOLLARS ($20.00) costs of the Court assessed herein, for all of which let execution issue against the defendants, JAMES E. MOORE and MICHAEL A. LIGHT.”
Appellants have presented two contentions for reversal. The first is that the lower court erred in considering the demand for reasonable attorneys’ fees of $544.00 as a proper item in determining whether the complaint prayed for damages in excess of the court’s minimum jurisdictional amount. The second contention is that summary final judgment was incorrectly entered because there existed a genuine issue as to a material fact.
As to the initial point, we hold that where there is provision for reasonable attorneys’ fees by statute or contract, a claim for such fees in a complaint should be considered in figuring the minimum jurisdictional amount provided that the said demand is made in good faith. See Florida Cent. & P.R. Co. v. Seymour, 44 Fla. 557, 33 So. 424. Accordingly, the lower court correctly found that the complaint set forth a sufficient claim to activate its jurisdiction.
We have carefully reviewed the record in regard to the appellants’ second contention, to-wit: The lower court erred in *204 directing the entry of summary final judgment because there existed a genuine issue as to a material fact. While it is true that appellants’ answer did set forth allegations tending to place in dispute issues of fact, these issues disappeared when the appellee filed its affidavit and the appellants failed to file a counter-affidavit. See MacGregor v. Hosack, Fla.1952, 58 So.2d 513; City of Zephyrhills, Florida v. R. E. Crummer & Company, 5 Cir.1956, 237 F.2d 338.
It follows, therefore, that the lower court properly entered the summary final judgment appealed.
Affirmed.

. The jurisdictional amount of the Circuit Court, Dade County. Florida is governed by § 6 of Article Y of the Constitution of Florida, 26 F.S.A. and § 33.14, Fla.Stat., F.S.A.
Section 6 of Article Y of the Constitution reads in part as follows:
“ * * * (3) Jurisdiction. The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on juvenile courts, in all cases at law not cognisable by subordinate courts * * (Emphasis added.)
Section 33.14, Fla.Stat., F.S.A. reads in part as follows:
“Civil courts of record; jurisdiction “ (1) In all counties having a population of two hundred sixty thousand or more according to the latest census taken pursuant to law, every civil court of record established pursuant to statute shall have original jurisdiction of all cases at law where the matter in controversy does riot exceed, exclusive of interest and cost, the sum of five thousand dollars *