PER CURIAM.
The plaintiffs below appeal from a summary final judgment in favor of the defendants-appellees in an action to recover losses allegedly sustained by reason of the defendant’s failure to include in the fire insurance policy issued on plaintiffs’ property a provision covering said property while vacant or unoccupied without limit of time. It was alleged that the defendant, Sweet Insurance Agency, was specifically directed and instructed to procure that type, of coverage and its negligent failure to do so was the proximate cause of plaintiffs’ loss. The liability of the defendant, American Equitable Assurance Company, is predicated upon the acts and knowledge of its alleged agent, Sweet.
The plaintiffs had obtained their fire insurance coverage through Sweet since 1945 and had extended the duration of the coverage each time a policy was about to expire. None of the policies contained a provision covering the property in question while vacant or unoccupied without limit of time. The policy in question was issued on November 5, 1960 and ran for 5 years with annual premiums. The premises were destroyed by fire on November 13, 1961 and coverage was denied since the property had been unoccupied since October, 1959.
The defendants moved for summary judgment on the ground that the pleadings, depositions and affidavits on file show that there is no genuine issue as to any material fact and they are entitled to a judgment as a matter of law. The motions were granted and the plaintiffs appealed.
Two affidavits were filed by Harold G. Sweet, President, in which he (1) denied knowledge that the premises in question had been vacant and unoccupied since 1959 and stated that he did not learn of that fact until after the fire took place; (2) denied ever receiving instructions to provide coverage for unlimited vacancy and (3) denied that Sweet Insurance Agency, Inc. ever was or is the agent for American Equitable Assurance Co. of New York. The deposition of Harold G. Sweet, taken on behalf of the plaintiffs, supported the statements contained in his affidavits. The deposition showed that all of the policies covering this New York property had been brokered through a New York insurance agency which had placed the risk with American Equitable Assurance Co.
In opposition to the deposition and affidavits of Harold G. Sweet is the deposition of the plaintiff, Eve Burrell. A careful review of her deposition fails to show a single statement that she requested or instructed Sweet to procure coverage during *711 unlimited vacancies;[1] in fact, her statements indicate uncertainty as to whether the premises would remain vacant.
In view of the defendant’s verified statements, and the failure of the plaintiffs to refute these statements, or support the material allegations of their complaint, either by deposition or counter-affidavit, we can not say that the trial judge erred in granting a summary final judgment in favor of the defendants.[2]
Other points' raised by appellants have been considered but are deemed to be without merit.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. See Hettenbaugh v. Keyes-Ozon-Fincher Ins. Inc., Fla.App.1962, 147 So.2d 328.

. See Herring v. Elland, Fla.1955, 81 So.2d 345; MacGregor v. Hosack, Fla.1952, 58 So.2d 513; Moore v. McCann Plumbing Co., Fla.App.1962, 139 So.2d 202; General Truck Sales, Inc. v. American Fire & Cas. Co., Fla.App.1958, 100 So.2d 202.