HENDRY, Judge.
The defendant appeals from an amended summary final judgment awarding damages, court costs, and attorneys’ fees to the plaintiffs.
The plaintiffs had purchased an improved parcel of land from the defendants and had received a warranty deed and a mechanic’s lien affidavit covering the property. This suit was instituted to recover from the defendant certain monies paid by the plaintiffs to satisfy an unpaid bill for lighting fixtures installed on the property prior to its sale to the plaintiffs. The complaint alleged that the plaintiffs were forced to pay the bill in order to prevent the removal of the fixtures under a writ of replevin. Recovery was sought under the warranty deed and the mechanic’s lien affidavit.
The record before us consists of a verified complaint, a motion to dismiss and an order denying same, an unverified answer, and the plaintiffs’ motion for summary judgment. The trial judge found that there was no genuine issue of material fact and that the plaintiffs were entitled to a judgment as a matter of law. A partial summary judgment was entered as to the defendant’s liability. The parties waived a jury trial as to damages and, after hearing, an amended summary final judgment was entered in favor of the plaintiffs in the amount of $694.00, plus court costs of $51.90 and reasonable attorneys’ fees of $150.00.
That portion of the amended summary final judgment relating to damages and costs is affirmed. The defendant failed to respond to plaintiffs’ verified complaint by filing a verified answer or other statement under oath denying the allegations contained in the complaint. Therefore, we can not say that the trial judge erred in granting the amended summary judgment as to damages and court costs.[1]
As to the award of attorneys’ fees, we find no basis for allowing such a recovery under the pleadings in this case. See: Re Field’s Estate, Fla.App.1960, 121 So.2d 46; Thibert v. Thibert, Fla.App. 1958, 106 So.2d 918. That portion of the amended summary judgment is accordingly reversed.
Affirmed in part; reversed in part.

. See Herring v. Eiland, Fla.1955, 81 So.2d 645; MacGregor v. Hosack, Fla.1952, 58 So.2d 513; Moore v. McCann Plumbing Co., Fla.App.1962, 139 So.2d 202; General Truck Sales, Inc. v. American Fire & Cas. Co., Fla.App.1958, 100 So. 2d 202.