PER CURIAM.
Plaintiff-appellants seek review of the trial court’s order vacating summary judgment in favor of the appellants and entering final summary judgment in favor of the defendant-appellee in this action to recover a brokerage commission.
In September 1972, defendant-appellee orally informed plaintiff-appellants, Martin L. Carlin and Gustavo Torres, along with other real estate brokers that it would sell a certain parcel of land upon certain conditions, to wit: (1) defendant was to net at least $750,000 after the payment of any real estate commission, (2) $200,000 in cash at the time of closing, and (3) a $50,000 deposit at the time of the execution of a deposit receipt contract. Thereafter, plaintiffs presented two executed deposit receipt contracts to the defendant which rejected them because they did not meet the terms of sale. In October 1972, plaintiffs brought a third deposit receipt contract to the defendant which again rejected it because among other things the amount of the deposit, $10,000, was insufficient. Subsequent to the October 1972 offer, the plaintiffs continued to arrange for the purchase of the subject property and defendant in December 1972 gave appellants an “exclusive listing” for the sale of the property which expired in January 1973. After the expiration, plaintiffs still continued to work towards the effectuation of a sale on defendant seller’s terms and conditions. On March 29, 1973 the plaintiffs submitted another deposit receipt agreement to defendant-appellee. However, this offer still did not meet the $50,000 deposit requirement. In response to this offer, defendant sent to plaintiffs a letter wherein defendant required consummation of the sale no later than June 15, 1973 and requested an *352 additional $40,000 to the $10,000 deposit. Plaintiffs discussed these requirements with the defendant and agreed to let defendant know when they had the additional $40,000 deposit. On April 3, 1973 defendant-appellee informed plaintiffs that it had agreed to sell the property to Intercontinental Group, Inc. Thereupon, plaintiffs filed the instant suit against defendant-ap-pellee for the recovery of a real estate brokerage commission. After the pleadings were closed, both parties moved for summary judgment. Subsequent to a hearing thereon, the trial judge entered summary final judgment in favor of the plaintiffs after finding that plaintiffs fully performed their brokerage agreement with the defendant based on the deposit receipt agreement of October 1972. Thereafter, defendant-appellee filed a motion for rehearing and following a hearing thereon, the trial court entered its order vacating summary judgment in favor of plaintiffs and entering final summary judgment in favor of defendant. Plaintiffs appeal therefrom. We affirm.
It is fundamental that in an action for a brokerage commission on a contract to procure a purchaser of real estate, the plaintiff-broker must prove that he procured a purchaser ready, willing and able to purchase the property upon the terms and conditions specified in the contract of employment. MacGregor v. Hosack, Fla. 1952, 58 So.2d 513.
After an examination of the record on appeal, we find that both the deposit receipt agreement of October 1972 and the deposit receipt agreement of March 29, 1973 failed to meet all of the terms of the oral listing agreement and further, that prior to the defendant being notified by plaintiff that the -prospective purchaser had delivered to plaintiff a check in the amount of $40,000 to satisfy the $50,000 deposit requirement,[1] defendant-appellee had accepted another offer to purchase the subject property.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.

. The prospective purchaser initially having placed $10,000 as a deposit on account instead of the $50,000 required by the seller;