311 So.2d 195 (1975)
Mamie P. SMITH, Appellant,
v.
William V. CODOS, Executor of the Estate of Jacob Codos, Appellee.
No. 74-1032.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Schwartz, Cox & Gallogly, Miami, for appellant.
Simon, Hays & Grundwerg, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Mamie Smith, a real estate broker, seeks review of a final judgment which denied her a brokerage commission in the amount of $10,000.
The facts of this case show that the appellant on July 15, 1971 procured a purchaser of certain land in Homestead which was owned by the appellee William Codos, acting as executor of his deceased father's estate. *196 A deposit receipt contract was entered into providing that the purchase price for the land was $110,000 with $5,000 as a down payment.
The record further reveals that the appellee is a resident of New Jersey, and he was dealing with the appellant from out of state.
Codos had never given the appellant a written listing, and from the record we discern that as of July 15, 1971, when the deposit receipt agreement was signed by the prospective buyer, there was no formal agreement between Codos and Smith concerning the terms for payment of a brokerage commission.
The deposit receipt contract was mailed to Codos in New Jersey. He signed it, but on the face of the agreement containing the pertinent language involving the payment of a real estate broker's commission of $10,000, Codos typed in the words, "in accordance with attached letter dated July 22, 1971."
In the attached letter which Codos sent to Mrs. Smith, the appellee wrote the following:
"This letter is to be considered part of an option agreement dated July 15, 1971 regarding the sale of subject property.
"Such agreement noted that the broker would receive $10,000.00 as a fee. It has been agreed that the payment of such fee will be made in installments in accordance with the monies received by the seller; i.e. the broker will receive 10% of all payments made to the seller until she shall have recovered the sum of $10,000.00."
* * * * * *
In the record, directly beneath this attached letter is Mrs. Smith's handwritten reply bearing the date July 26, 1971. It reads:
"Dear Mr. Codos 
"The above arrangement is fine. I would appreciate my pro rata of interest as it is paid  please include this 
 "Mamie P. Smith"
"Just sign below here that Mamie P. Smith, Realtor  shall receive Int. at 7 1/2% on her 10% due from payments as they are made or received from buyers.
"Date _____________"
* * * * * *
Codos never signed in the blank space provided by Mrs. Smith. But, we think it is apparent that the parties agreed to payment of the broker's commission in installments, and this agreement was incorporated as part of the original deposit receipt agreement.
Subsequently, the seller (Codos) encountered defects in his title and experienced difficulty clearing the title. Also, in Mrs. Smith's words the value of the property in question "skyrocketed."
The attorney for the buyer objected to the title defects, but when Codos sent the $5,000 deposit back to Smith and advised her to return it to the buyer, the return of the deposit was refused.
The record also reflects that Codos now is being sued in the Circuit Court of Dade County in an independent action by an assignee of the original purchaser for specific performance of the property at issue in this case.
In this light, the trial court entered final judgment in favor of Codos; however, in paragraph two of the judgment the court stated that the action was dismissed without prejudice to Mrs. Smith bringing an action in the future for her commission in the event the sale of the property described in the appellant's complaint is consummated to a third party obtained by her.
Appellant has raised three points in her brief attacking the final judgment and seeking payment of her full commission at *197 the persent time. We have concluded that she has not shown reversible error.
Appellant cites two cases and basically asserts two lines of arguments under her three points on appeal and under each case as authority.
First she contends that she had found a purchaser ready, willing and able to buy the property in accordance with the seller's terms, and the buyer or his assignee remains desirous of closing the deal in spite of the title defects, and the defects were such that the seller (Codos) knew of them, and the broker (Mrs. Smith) didn't. She relies on the holding in Hardin-Lowrey Realty Co. v. Hine, Fla.App. 1968, 213 So.2d 308.
Next, appellant contends that the agreement to pay a broker's commission in installments was supplemental to the deposit receipt contract, and therefore was made without consideration and was voidable at her option, citing the case of Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222.
We have read both cases closely, and have decided that neither case is controlling under the facts and circumstances of the cause sub judice.
Instead, we agree with the appellee that this court's holding in Warter v. Bancroft Hotel Associates, Fla.App. 1973, 285 So.2d 676, is dispositive of this case.
Therein, we held under facts analogous to those here, that as an exception to the general rule concerning the time and manner in which a real estate broker is entitled to his commission, the seller and the broker may enter into a specific agreement establishing the conditions which must be met in order for the broker to receive a commission.
Reiterating what we said earlier, it requires no proverbial "Philadelphia lawyer" to detect that the parties in this case intended that the broker's commission would be paid only after the transaction was consummated, so that the installments could be paid out of monies received by the seller.
We also think this case is distinguishable from Cohen v. Mohawk, Inc., supra, because in that case the parties earlier had agreed to a 5% commission payable at closing which was subsequently modified at the closing to be payable in installments, after the broker had procured a lessee satisfactory to the lessors.
Therefore, the agreement was held to be supplemental to the original agreement and without consideration.
Here, the record demonstrates that the agreement was incorporated into the original deposit receipt contract and formed a material part thereof and was not supplemental.
Moreover, in the Cohen case, the lessee paid rent for eight years during which time the broker received his commission in installments. This element of part performance is missing in this case, where the seller and buyer have not closed the transaction.
In sum, we hold that the trial court correctly determined that under the terms of her agreement with the seller, Codos, the appellant, Mrs. Smith, was not entitled at this time to a broker's commission. Therefore, the court also properly dismissed this cause without prejudice to the appellant bringing a future action in the event the sale of the subject property is completed to a purchaser obtained by the appellant.
Accordingly, the judgment is affirmed.
Affirmed.