534 So.2d 750 (1988)
The HAGANS COMPANY and Ralph A. Hagans, Appellants,
v.
Wayne R. MANLA, Appellee.
No. 87-1911.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Rehearing Denied December 28, 1988.
Ruden, Barnett, McClosky, Smith, Schuster & Russell and Woodrow M. Melvin, Jr., Miami, and Clinton L. Doud, Orlando, for appellants.
Ferraro, Seward & Stanton and James L. Ferraro, Miami, for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
On April 1, 1985, The Hagans Company [Hagans Co.] and Wayne Manla entered *751 into an employment agreement providing that Manla would "sell or rent real estate listed with [Hagans Co.]" and be paid 60% of the commission earned by the broker from the sale or rental, after the payment of fees earned by other participating salesmen. The contract provided that the broker, Hagans Co., would not be obligated to pay Manla until the commission had been collected from the client for whom the service had been performed. If either party terminated employment, Manla would be entitled to receive accrued fees.
When Hagans Co. employed Manla, Hagans Co. was the listing broker on property located at Mashta Point. Manla procured a prospective purchaser for the property, Rocco Botta, and introduced him to Ralph Hagans, the president of Hagans Co. On April 22, 1986, Botta executed a contract for the purchase of Mashta Point and an agreement providing that Botta would pay Hagans Co. a $100,000 commission: $20,000 was to be paid on closing; and the remaining $80,000 was to be evidenced by a promissory note to be delivered to Hagans Co. at closing. The entire balance was to become due one year after the date of the contract. The same agreement gave Hagans Co. an exclusive listing for the resale of Mashta Point lots. The commissions from the resales were to be credited against the commission owed on the property as a whole. Manla knew the terms of the agreement between Hagans Co. and Botta.
On June 30, 1986, Manla left Hagans Co. Botta did not close on the Mashta Point property until September 25, 1986. Subsequent to the closing, Hagans Co. sold one of the Mashta Point lots for a $19,200 commission, reducing the amount owed on the $80,000 promissory note to $60,800. The pending sales of the Mashta Point lots caused Botta to request and receive from Hagans Co. an extension from April until June 1987 to repay the promissory note.
In September, 1986, Manla sued Hagans Co. for breach of contract to recover 60% of the $100,000 sales commission which he alleged he was entitled to receive from the proceeds of the Mashta Point sale. At the close of defendants' case, Manla moved for a directed verdict on the issues of whether he was the sole procuring cause of the sale of Mashta Point and whether he was entitled to a 60% share of the commission. The trial court granted the motion, and entered final judgment in Manla's favor. The trial court also granted Manla's motion for attorney's fees, requested pursuant to section 57.105, Florida Statutes (1985), or section 448.08, Florida Statutes (1985).
Manla had also named Ralph Hagans, individually, as a defendant in the breach-of-contract action. At the close of the trial, Ralph Hagans asked for a directed verdict, contending the evidence was insufficient to subject him to personal liability. The trial court granted the motion, but denied Ralph Hagans' motion for attorney's fees under section 57.105, Florida Statutes (1985).
Hagans Co. appeals the amended final judgment, challenging the grant of a directed verdict in favor of Manla and the accompanying award of attorney's fees; Ralph Hagans appeals the denial of attorney's fees. We reverse, holding that the trial court erred in directing a verdict and awarding attorney's fees to Manla; we affirm the denial of attorney's fees for appellant Ralph Hagans.
First, we address the assertion of Hagans Co. that the trial court erred in granting a directed verdict in Manla's favor, thereby awarding him a real estate commission on the sale of Mashta Point. Before granting a motion for directed verdict, "the court must determine that there is no evidence to support a finding for the party against whom the verdict is sought." Sun Life Ins. Co. v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976). Here, the evidence supported a finding for Hagans Co.; thus, the directed verdict was improper. The agreement between Hagans Co. and Manla provided that Manla's entitlement to a commission depended on a sale of the property. A property is deemed sold for commission purposes when the purchaser enters into a binding contract to purchase the property; MacGregor v. Hosack, 58 So.2d 513 (Fla. 1952); Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (Fla. 1929); however, the broker and *752 the party paying the commission may establish conditions which must be met before the broker earns the commission. Home Fed. Sav. & Loan Assoc. v. Illustrated Properties Realty, 465 So.2d 1244 (Fla. 4th DCA 1984); Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983 (Fla. 3d DCA 1983); Mark Realty, Inc. v. Rogness, 418 So.2d 373 (Fla. 5th DCA 1982); Smith v. Codos, 311 So.2d 195 (Fla. 3d DCA 1975).
In this case, Manla procured a purchaser who signed a binding contract for the purchase of the Mashta Point property; however, Hagans Co. and Botta entered into a specific agreement to defer payment of $20,000 of the $100,000 commission until the date of closing and the payment of the remainder of the commission until one year after the closing, subject to credits from the resale commissions. Consequently, Manla's commission did not accrue until the September 1986 closing, at the earliest. Manla left Hagans Co. in June 1986, well before the date of the closing; and, because Manla's commission did not accrue prior to the termination of his employment, his right to receive it did not vest prior to his leaving Hagans Co. After analyzing these circumstances, we conclude that the trial court erred in directing a verdict in Manla's favor. Our reversal of the directed verdict renders Manla's attorney's fee award premature under section 448.08 and inappropriate under section 57.105, Florida Statutes (1985).
The trial court did not abuse its discretion in denying Ralph Hagans attorney's fees under section 57.105, Florida Statutes (1985).
Reversed in part; affirmed in part; remanded for further proceedings consistent with this opinion.