SCHWARTZ, Senior Judge.
 

 This is an appeal by the seller from an adverse summary judgment in favor of a real estate broker in an action for a commission which was deemed earned as a matter of law notwithstanding that (1) the deal did not close and (2) the commission agreement — prepared by the broker himself — provided that
 

 [i]n case of transaction will be realized between Prospective Seller and Prospective Purchaser,
 
 Agent will be entitled and shall receive a commission of 4% from the total amount of the Purchase Agreement by the Prospective Seller.
 

 (emphasis added). We reverse.
 

 At least, the emphasized condition was ambiguous and thus permitted the admission of extrinsic testimony of the parties’ intent as to whether it referred to an actual closing, as indicated in the seller’s affidavit that the broker specifically told him was the case,
 
 [1]
 
 or, as the broker, supported by no evidentiary showing argued below and as the trial court ruled, that it
 
 *105
 
 meant only the contract for purchase and sale.
 
 [2]
 
 ,
 
 [3]
 
 See
 
 Land O’Sun Realty Ltd. v. REWJB Gas Investments,
 
 685 So.2d 870, 872 (Fla. 3d DCA 1996) (“Our system entrusts the resolution of factual conflicts ..., including those involving the terms and operation of written contracts, to the jury.”), review dismissed, 710 So.2d 978 (Fla.1998). At most, properly read against the drafter, the “transaction” referred to a closing as a matter of law. See
 
 id.
 
 at 872 n. 8 (“Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is totally unambiguous, or when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties’ intentions is undisputed or non-existent.”).
 

 In either event, the summary judgment for the broker cannot stand and the judgment is therefore reversed and remanded for further proceedings.
 
 [4]
 

 Reversed and remanded.
 

 [1]
 

 . The seller relies on the line of cases holding that if the agreement so provides the broker does not earn his commission until a condition precedent is satisfied, notwithstanding that he has produced a buyer ready, willing and able to purchase the property. See
 
 Hanover Realty Corp. v. Codomo,
 
 95 So.2d 420 (Fla.1957);
 
 MacGregor v. Hosack,
 
 58 So.2d 513 (Fla.1952);
 
 Lehr v. Baron's of Surfside, Inc.,
 
 550 So.2d 74 (Fla. 3d DCA 1989);
 
 Ha-gans Co. v. Mania,
 
 534 So.2d 750, 751-52 (Fla. 3d DCA 1988).
 

 [2]
 

 . The broker relies on the line of cases holding that, unless the agreement provides otherwise, a broker earns his commission merely by producing a ready, willing and able buyer. See
 
 Acheson v. Smith’s, Inc.,
 
 110 Fla. 240, 148 So. 576 (1933);
 
 Harding Realty, Inc. v. Tumberry Towers Corp.,
 
 436 So.2d 983 (Fla. 3d DCA 1983);
 
 Schumacher v. Wellman,
 
 415 So.2d 120 (Fla. 4th DCA 1982).
 

 [3]
 

 . The broker does not explain why, if he were entitled to the commission anyway, it was necessary or appropriate to place the specified condition in the contract nor why the condition referred to the "realization” apparently of a future contract between the "prospective” buyer and purchaser.
 

 [4]
 

 .The trial court may entertain a motion for summary judgment on the theory that the contract should be construed against the drafter. If the matter cannot properly be resolved on summary judgment, then the interpretation of the contract must be resolved by the trier of fact.