SANDLER, HARRY N., Associate Judge.
Appellee, who was plaintiff below, brought suit to recover a broker’s commission claimed to be earned by him based upon an implied contract for the sale of property belonging to the defendant corporation. The appellant is a large development corporation and the appellee a licensed real estate broker. The corporation listed certain properties with the plaintiff and as a result of the plaintiff having consummated the sale, received a commission of ten percent in March of 1957. Subsequently in April, 1957, the same buyer being interested *749 in acquiring more property in the same area, the plaintiff again introduced the prospective purchaser to the defendant corporation. This buyer offered to purchase the property in question for the sum of $180,000 which offer was brought to the attention of the corporation by the plaintiff. A meeting was arranged between the parties at the office of the defendant corporation and while there the vice-president of the corporation advised that the price to the corporation was $175,000 net and this transaction and sale was closed by negotiation between defendant corporation and the buyer for this amount, over the plaintiff’s objection. Thereafter the plaintiff brought suit on the theory of “express contract” which was dismissed with leave to amend and then this suit was instituted. The case was tried before the Judge without a jury, who found for the plaintiff and entered judgment for the sum of $17,500 from which judgment defendant corporation has appealed.
The main contention in this case by the appellant is that the cause of action involved in this case was founded upon an express contract, that the evidence established only an implied contract, and that the plaintiff having failed to amend the pleadings to conform to the proof in accordance with Rule 1.15, R.C.P., 30 F.S.A., was not entitled to recover.
It is true that in the complaint it is alleged that on the plat of said land the lots were listed for sale at a price based on per front foot, but it is equally true that it is alleged in the complaint that the defendant corporation abandoned the contract by dealing direct with the purchaser though knowing full well that the plaintiff had introduced the purchaser, who was his customer; that as a result of the direct negotiation this property was sold for a price other than that listed with the plaintiff, to-wit, $175,000, and it is further alleged that the plaintiff is entitled to recover the reasonable value of his service by reason of an implied contract and on a quantum meruit basis; the parties went to trial on this complaint.
In the case of Bloom v. Frese, Fla.App., 123 So.2d 47, wherein a somewhat similar question was involved, the Court held that since plaintiff sought recovery on an implied contract for service rendered and defendant denied liability, that services were rendered under an express contract on specified contingency which did not occur, and the jury having been properly instructed found against the defendant, it must be implied from the verdict that the jury found there was no express agreement as alleged by the defendant, and that plaintiff had fully performed the services alleged.
A broker cannot be defeated in his effort to recover compensation merely because of a variation of the original terms stated by the owner and those finally accepted.
“Where broker employed to secure a purchaser ready, willing and able to buy secures one who makes a counter-offer, seller is privileged to reject counter-offer and escape liability for compensation, but if seller accepts it, seller must pay broker for his services.” Taylor et al. v. Dorsey, 155 Fla. 305, 19 So.2d 876.
The Court in its judgment made certain findings of fact, among them being that the principal and agent relationship existed between the plaintiff and defendant within the meaning of the relationship between a broker and a seller; that the plaintiff was responsible for bringing the buyer of the property and the defendant seller together; that the seller prevented any further negotiations by the plaintiff and the purchaser by dealing directly with the purchaser in the defendant’s office on the same day the plaintiff had made an appointment with the defendant’s sales manager and officers to complete the sale of the property to the purchaser for $180,000 and that further negotiations on the sale of the property to the buyer were prevented by the action of the defendant corporation, its officers and agents; that were it not for the efforts of the plaintiff in bringing the purchaser and *750 the seller together, the sale would not have been accomplished.
We find these findings of fact well supported by the testimony.
“Where broker was successful in obtaining a preliminary contract for sale of a specific tract and subsequently through no fault of the broker prospective purchaser refused to consummate the transaction and negotiated a contract for a portion of the tract at a higher price per acre and it was solely through the efforts of the broker that the parties were brought together, an implied promise arose to pay the broker a commission for the amount of land actually sold, though such amount was less than that originally contracted for.” Moylan v. Estes, Fla.App., 102 So.2d 855.
Finding no error, the judgment of the trial Court must be and is hereby affirmed.
ALLEN, C. J., and SHANNON, J., concur.