177 So.2d 5 (1965)
Mitchell MARK, Petitioner,
v.
Ethel HAHN, as Ancillary Administratrix of the Estate of Louis Hahn, Deceased, Respondent.
No. 33253.
Supreme Court of Florida.
February 17, 1965.
Rehearing Denied July 14, 1965.
*6 Anderson & Nadeau, Miami, and Bernard C. Fuller, Miami Beach, for petitioner.
Blackwell, Walker & Gray and James E. Tribble, Miami, for respondent.
HOBSON, Justice (Ret.)
This case is before us upon a petition for writ of certiorari directed to the District Court of Appeal, Third District. The alleged basis for issuance of such a writ is that the decision of the District Court *7 is in direct conflict on the same point of law with the decision of this Court in the case of Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600.
The District Court determined that this case is controlled by the Supreme Court's decision in Hanover Realty Corp. v. Codomo, Fla. (1957) 95 So.2d 420, rather than by our decision in Knowles.
In the latter decision we held, consistent with many of our prior decisions, that a failure to close a real estate transaction due solely to the fault of the seller would not defeat the right to a commission of a broker who had been employed to sell and who had produced a purchaser ready, able and willing to buy upon the terms specified by the seller. In Codomo we pronounced an exception to this rule which is that said rule is not applicable "in the face of a specific agreement to the contrary." (Italics supplied.)
Two of the judges of the District Court were of the view that under the facts and circumstances of this case the exception to the rule set forth in Codomo should control. One judge who dissented expressed the opinion that under the circumstances of this case he felt that there was justification for the application of the rule enunciated in the Knowles case.
This suit originated in the Circuit Court of Dade County, Florida. Petitioner filed an action at law against respondent in which he sought judgment for a real estate commission allegedly due him. The case was tried without a jury and judgment was entered in favor of petitioner. Upon appeal the District Court, as previously suggested, reversed the Circuit Court in and by a two  one decision.
We turn now to the facts as they are set forth upon the face of the opinion filed in the District Court. Petitioner queried the respondent as to whether the property was for sale. In response to this inquiry respondent sent to the petitioner (broker) a written communication which contained the following language:
"Please advise whether you wish to have a listing of the above parcels. The listing will not be exclusive with you and will be on the understanding that the usual rate of commission recommended by the local Real Estate Board will apply, and that commission will be due and payable only if and when title is actually closed.
"The property is being offered at a price of $225.00 per front foot cash. A substantial offer embodying terms will be considered."
Petitioner secured a purchaser who made an offer for the property upon certain specified terms which offer was by the petitioner submitted to respondent who rejected the proffered terms and demanded an all cash deal. The facts appearing in the opinion of the District Court do not disclose that at this juncture, when the demand for all cash was made, respondent made any reference whatsoever to her alleged right, if any she had, to renege or back-out at the last moment and be relieved of all responsibility for payment of a broker's commission. Consequently, we must assume that respondent remained silent upon this subject. Petitioner's prospective purchaser agreed to buy the property for cash. When petitioner informed respondent of this fact the latter then refused to sell and took the property off the market.
Counsel for both parties, as well as the District Court, have dwelt at length upon a comparison of the language contained in the listing in the Codomo case with wording which is found in the listing in the instant suit. In Codomo it was stated:
"* * * and if, for any reason, these leases are not signed, you will not have any claim against either the owners of the property, or Mr. William W. Kamm and myself as Agents." (Italics supplied.)
*8 In this case, the listing contained the following statement:
"* * * and that commission will be due and payable only if and when title is actually closed." (Italics supplied.)
The listing in Codomo is couched in language which makes it reasonably clear that the owner might arbitrarily at any time before the leases were signed refuse to go through with the deal and thus relieve himself of any liability for payment of a commission. On the other hand, it does not appear quite so clearly that the seller reserved unto herself the right to renege in the instant suit, indeed there is room for the implication that the seller would do nothing to interfere with the actual closing of the deal. We do not, however, turn out decision entirely upon this admittedly close question of semantics. We are impelled before turning from the subject discussion to say, by way of caveat, that in Codomo when we used the expression "specific agreement to the contrary" we meant exactly that. We did not mean that a listing could be worded in such manner as to require the astuteness of the proverbial "Philadelphia lawyer" to determine that the seller intended to reserve until himself the right to change his mind or back out arbitrarily at any time he might see fit and thereby avoid payment of a commission. Although some brokers are also lawyers, many, many of them are not. Perhaps most lawyers would suspect from the language used in the listing in this case that the seller meant to reserve the right to refuse to go through with the deal if she should so elect. Few laymen would have the same reaction. We think the "specific agreement" to which we referred in Codomo should be expressed in language which would be readily understood by a layman and leave no room for doubt. The specificity of such an agreement should be precisely formulated, explicit, positive, direct and should admit of no misunderstanding. The agreement should clearly put the lay-broker on notice that he might expend both effort and substance in vain.
We are of the view that under the facts of this case regardless of the sufficiency of the so-called "specific agreement" our decision must be in favor of petitioner. This is so because of the failure of the respondent, at the time she refused the proffered terms and demanded all cash, even to mention the fact, if it were a fact, that she was reserving the right to back out. Her demand for all cash amounted to a novation or in other words a new contract with the petitioner or, if this not be true, then her silence upon the subject of the alleged right to renege amounted to, at least, a waiver of any such right.
We appreciate the fact that there is a well-recognized distinction between the doctrines of waiver and estoppel. Ordinarily, waiver must be supported by a valid consideration, but this is not true in a case such as this where there is also present conduct or silence which injects an estoppel into the factual picture limned by the record.
When respondent refused the proffered terms, demanded all cash and remained silent with reference to her presently asserted right to renege and absolve herself of liability for a real estate commission for services of petitioner[1] she, in effect, said, bring me a purchaser ready, able and willing to pay all cash and I will go through with the deal. Of course she had the legal right before entering into a binding contract for sale and purchase to back out, but under the rule laid down in the Knowles case she was not relieved thereby of her obligation to petitioner.
*9 We are of the opinion that, since petitioner performed the services required of him under the contract by which respondent demanded all cash, the petitioner is entitled under the law and in all fairness and justice to be paid for such services. Moreover, the rule in the Knowles case is applicable under the facts and circumstances attendant upon the instant suit rather than the exception to the rule set forth in Codomo. Consequently this Court has jurisdiction of this cause upon the theory of conflict.
The decision of the District Court of Appeal challenged herein is quashed with directions that the judgment heretofore entered by the Circuit Court of Dade County, Florida, be reinstated.
It is so ordered.
DREW, C.J., and ROBERTS, THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.

ORDER ON PETITION FOR REHEARING
PER CURIAM.
We have revised our original opinion and will treat the petition for rehearing as though it were directed to the opinion in its revised form.
We do not now find in the petition for rehearing any points worthy of discussion save and except Point No. 4.
Counsel for respondent insist that this Court should, at least, return the instant suit to the District Court of Appeal, Third District, because it appears on the face of the opinion of the District Court that two questions were presented for determination which were not considered or decided.
Our attention is directed to the decision of the Supreme Court of Florida in Florida Power and Light Company v. Ahearn (Fla. 1960), 118 So.2d 21. In that case, in the year 1960, shortly after the adoption of Amended Article V, Florida Constitution, F.S.A., we did exactly that which counsel would have us do in this suit. In some later decisions,[1] however, this Court has stated that once we take jurisdiction of a case upon petition for a writ of certiorari we may take it for all purposes as though it had come originally on appeal to the Supreme Court.
There can be no doubt that once the Supreme Court takes jurisdiction of a case upon a petition for a writ of certiorari directed to one of the District Courts of Appeal such jurisdiction is complete and exclusive until the case is decided or jurisdiction relinquished for some specific reason. In other words, it is not a matter of jurisdiction with which we are dealing but it is solely a question of the exercise of sound judicial discretion.
In Zirin v. Pfizer, supra, speaking through Mr. Justice Drew, this Court said:
"Needless steps in litigation should be avoided wherever possible and courts should always bear in mind the almost universal command of constitutions that justice should be administered without `sale, denial or delay.' Piecemeal determination of a cause by our appellate court should be avoided and when a case is properly lodged here there is no reason why it should not then be terminated here. In the Lissenden case [P.C. Lissenden Co., Inc. v. Board of County Commissioners of Palm Beach County, Fla. 1959, 116 So.2d 632], we said, with respect to appeals and in discussing an analogous matter `[m]oreover, the efficient and speedy administration of justice is * * * promoted' by doing so."
Having in mind the foregoing pronouncement in Zirin, the reference to, and *10 the partially quoted directive from, Section 4, Declaration of Rights, Florida Constitution and, to a lesser degree, the hackneyed saw "Justice delayed is justice denied", we have examined the record which was lodged in the District Court of Appeal, have studied the briefs of counsel for the respective litigants, the opinion of that Court, as well as our own in the instant suit and have concluded that the two points which the District Court of Appeal did not find necessary to decide are not even "fairly debatable." Consequently, we have exercised our discretion in favor of terminating the litigation "here".
These two points are:
1. The trial court erred in entering judgment for the plaintiff and in finding that a listing contract had been entered into by the parties where the letter relied on by the plaintiff to prove the listing contract requested "Please advise whether you wish to have a listing of the above parcels", and where there was no evidence that the plaintiff real estate broker ever complied with this request and communicated to the defendant his desire to have such a listing.
2. The trial court erred in entering judgment for the plaintiff and in finding that the plaintiff real estate broker was entitled to a commission where no other essential terms of the real estate transaction were agreed upon except the cash price.
Respondent recognized petitioner's authority to seek on behalf of the respondent a purchaser who was ready, able and willing to purchase the subject property for a price of $225 per front foot when on September 18, 1961 she considered and refused the offer of such price upon certain specified terms and demanded an all cash deal. She will not now be heard upon the hyper-technical proposition to the effect that the letter of July 19, 1961, was merely an offer to list. Particularly is this true in view of the further fact that petitioner proceeded immediately to attempt to secure an acceptance of the all cash demand prescribed by respondent. Mr. Mark was successful in this regard but when he notified respondent that his prospect would buy and pay all of the purchase price in cash respondent refused to sell and took the property off the market for the first time since the date of the questioned letter, to-wit: July 19, 1961. Moreover, under date of September 19, 1961, Mr. Martin Blackman, Attorney for Mrs. Hahn, who at her request had written the letter of July 19, 1961, wrote another letter to Mr. Mark in which he stated: "This is to advise you that the following parcels [the same real property described in the letter of July 19, 1961] are being withdrawn from the market at this time, and accordingly, your listing thereof is hereby cancelled." (Italics supplied.)
It is quite clear that there is no merit in the above-quoted Point No. 1.
In support of Point No. 2, respondent cites McAllister Hotel Inc., v. Porte, (Fla. 1957) 98 So.2d 781. Suffice it to say we do not find the McAllister case to be in point nor any pronouncement made therein applicable to the subject, or any, phase of the instant suit.
The simple answer to Point No. 2 is found in the statement of facts recited by the District Court in its opinion. There was no opportunity to agree upon any of the minor[2] terms of this real estate transaction because of respondent's action in refusing to stand by her all cash proposal and in immediately taking the property off the market.
The petition for rehearing should be denied.
It is so ordered.
THORNAL, C.J., ROBERTS, DREW, O'CONNELL, CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.
NOTES
[1] "Waiver may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived." Rader v. Prather, 100 Fla. 591, 130 So. 15, 17. See also Florida Jurisprudence Vol. 12, p. 381 and cases cited therein.
[1] Tyus v. Apalachicola Northern R.R. Co. (Fla. 1961), 130 So.2d 580; Zirin v. Charles Pfizer & Co. (Fla. 1961), 128 So.2d 594; Adjmi v. State (Fla. 1963), 154 So.2d 812; Hedges v. State (Fla.), 172 So.2d 824; Florida Real Estate Commission v. Harris, (Fla.), 134 So.2d 785.
[2] All cash being the major term or condition of sale.