GERALD, LYNN, Associate Judge.
This case was tried before the Court without a jury, and the Plaintiff is appealing the lower Court’s order granting a motion to dismiss made at the close of the Plaintiff’s case.
The Plaintiff-Real Estate Broker claims that the Defendant owes him a broker’s commission of $5,000, because the Plaintiff produced a purchaser ready, willing and able to purchase the Defendant’s property. This was the only theory of recovery set forth in the Complaint. After the evidence was in, the Plaintiff moved to amend the pleadings to- conform with the evidence to include as a theory of recovery that there had actually been a contract between the Defendant and the purchaser. This motion was denied. It appears that at pre-trial the Plaintiff was urged to include this theory but had refused to do so. The Court then granted a motion to dismiss on the grounds that on the facts and the law the Plaintiff had shown no right to relief.
The Defendant-Vendor listed his property with the Plaintiff-Broker, the terms being a net price to Defendant of $66,000, with 29% down and the balance in not less than three years. This latter provision was to make sure the transaction qualified as an installment sale for income tax purposes. The Defendant did not want a cash sale. The broker contacted Enterprise Developers, Inc., who was interested in the property. Enterprise signed a contract with a purchase price of $71,000, $5,000 of which *865 would be a broker s fee, leaving a net of $66,000 to Defendant. This contract provided 29% down, the balance payable over three years, and also a provision for prepayment of the balance due at any time without penalty. When the Defendant was shown this contract he objected to three provisions which included none mentioned above. The Defendant told the broker to change these three items and then take it to the Defendant’s attorney, Crane, for approval. The broker persuaded Enterprise to change the contract, had the buyer sign it, and then took it to Crane for approval. Crane stated that the Defendant had gone out of town and that Crane was not employed as Defendant’s attorney at that time.
Several days later, after Defendant was back in town, the defendant, through Crane, requested some other changes. These were agreeable to Enterprise. The parties agreed to meet in Crane’s office on a Friday to execute the contract. The Defendant did not show up and another meeting was scheduled for the following Monday. On Monday Crane advised the purchaser that the Defendant had received a better offer over the weekend. Enterprise would not go any higher and the property was subsequently sold to another purchaser for $78,000, 29% down and the balance payable over four years.
The broker now contends that Enterprise was a buyer ready, willing and able, and that he is entitled to his commission. It appears that the contract offered by Enterprise at all times had the prepayment clause, and it further appears that if this prepayment clause were exercised, the Defendant would have lost his tax advantage for an installment sale. It seems clear that the Defendant did not under any circumstances want a cash sale. However, it does not appear that the Defendant objected to this prepayment clause during negotiations when he objected to other items in the contract. It is not at all clear whether Enterprise would have been agreeable to eliminating the prepayment clause. A witness who was the person handling the transaction for Enterprise stated that Enterprise would have preferred to pay cash for the property.
A motion for a directed verdict admits for the purpose of such motion the facts in evidence and every reasonable and proper conclusion based thereon which is available to the party adverse to the movant. Hartnett v. Fowler, Fla., 94 So.2d 724.
We believe that the Plaintiff made out a prima facie case sufficient to meet the foregoing rule. This is not to be construed as any decision on the issues when all of the evidence has been presented with the opportunity to weigh it, for the same or a different decision could be rendered.
Reversed for a New Trial.
ALLEN, C. J., and SMITH, J., concur.