185 So.2d 785 (1966)
James H. RANDOLPH, Jr., et al., Appellants,
v.
John H. NEELEY, Appellee.
No. H-70.
District Court of Appeal of Florida. First District.
April 28, 1966.
Moore, Henderson, Buchanan & Moore, Tallahassee, for appellants.
Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellee.
JOHNSON, Judge.
Appeal from a final judgment in favor of the plaintiff-appellee herein for a real estate broker's commission against the appellants, who were the defendants below. We will refer to the parties as they were in the lower court.
In May, 1963, the plaintiff contacted the defendant, James H. Randolph, Jr. in regard *786 to listing for sale some real estate held by his mother's estate. It was agreed that the plaintiff would have the prospective purchaser meet with the defendants James H. Randolph, Jr. and Winthrop Randolph, who were also co-administrators of the estate of their deceased mother, for the purpose of working out the details. No commitment was made as to amount of land to be sold, nor price nor terms, at that time.
Plaintiff arranged a meeting between a prospective purchaser and the defendants and they met in Jacksonville, Florida. Upon return to Tallahassee, the prospective purchaser related the results of the meeting in Jacksonville and the tentative terms of the sale. Based on this information, the plaintiff drew up a proposed contract of sale dated June 18, 1963, which was signed by the prospective purchaser and the plaintiff as real estate broker and sent the same, along with a $5000.00 deposit to the defendants in Jacksonville. On June 21, 1963, the defendants came to Tallahassee and met with the plaintiff and the prospective purchaser. At this meeting, certain penciled changes were made on the proposed contract of June 18. These changes were as to the balance of payments, interest rate, and release rate. It was contended by the defendants that the changes were made in order to enable them, the defendants, to get the sale financed. On June 28, 1963, the defendants advised the prospective purchaser that the sale would have to be all cash and unless they heard from the prospective purchaser by noon on July 1, 1963, they would consider the matter closed. This was the only change mentioned in the deal. Prior to noon on July 1, 1963, the plaintiff and the prospective purchaser telephoned the defendants that the all cash proposal was accepted. A new agreement dated July 1, 1963, calling for an all cash payment which was the only change from the June 21 agreement, was prepared by the plaintiff, signed by the prospective purchaser and sent to the defendants. On July 3, 1963, defendants delivered a letter to the plaintiff and prospective purchaser which stated the July 1 proposal was not satisfactory. The defendants then refused further negotiations.
The prospective purchaser brought an action for specific performance, which was dismissed by the trial court because the alleged contract failed to meet the requirements of the Statute of Frauds. The plaintiff then brought his suit claiming a broker's commission of $8850.00 for procuring a ready, willing and able purchaser. A jury was waived and the cause heard before the circuit court on August 10, 1965. At the conclusion of the testimony and argument of counsel, the trial court stated that in his opinion there were two questions  "whether there was an employment and whether there was a compliance with the terms of the employment, if there was one." The court then determined both questions affirmatively in favor of the plaintiff, stating further, that the evidence showed that plaintiff had met all the demands placed on him to provide and furnish a purchaser ready, able and willing to buy. A new trial was denied and judgment entered for plaintiff. It is from this final judgment that this appeal is taken.
The appellants filed five assignments of error, the first three charging error for failure to grant defendants' motions for directed verdicts. The fourth charged error in not granting a new trial and the fifth, that the court erred in entering judgment for the plaintiff.
We will dispose of the first three assignments by merely stating that the evidence before the court at each stage of the proceedings when the motions for directed verdict were made by the defendants was, in our opinion, as it was in the trial court's, sufficient to sustain the court's denial of the motions. No error was committed here.
As to the motion for a new trial, which was denied, the trial court gave the defendants the maximum time allowed to file a brief in support thereof. We agree with the trial court that nothing further was adduced *787 or called to the court's attention justifying a new trial. We see no error here.
As to the final assignment of error, namely, that the court erred in entering judgment for the plaintiff, we again find no error.
The trial court summed up and reiterated a goodly portion of the material evidence in his findings of fact and law, which are substantially as set out in the beginning of this opinion. Repeated, briefly, the court found that an agreement between the prospective purchaser, and the appellants had been reached subject to only one condition. That this condition was met by the purchaser, and that although the contract of sale could not be enforced because of the Statute of Frauds, this did not affect the plaintiff's right of recovery. Plaintiff had done his part and failure to consummate the sale being solely at the whim of the defendants and without any excuse chargeable to the plaintiff, the defendants cannot escape their obligations.
The Florida Courts have fully settled this question.[1],[2],[3]
Affirmed.
WIGGINTON, Acting C.J., and STURGIS, J., concur.
NOTES
[1] MacGregor v. Hosack, 58 So.2d 513 (Fla. 1952): "A broker employed to produce a purchaser ready, able and willing to purchase realty upon the terms and conditions specified in contract of employment is entitled to commission when he, in good faith, fulfills such contract and he need not procure and produce a formal and binding written agreement for purchase of the realty, in absence of a specific stipulation that he do so."
[2] Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600 (1945).
[3] Mark v. Hahn, 177 So.2d 5 (Fla. 1965): "Lack of agreement on real estate transaction terms other than price between owner and broker did not preclude broker from recovering commission in view of owner's refusal to stand by her all cash proposal and her immediate removal of property from the market after being notified that prospective purchaser would buy and pay all the price in cash."