PEARSON, Judge.
The appellant, Lillian Block, was the defendant in the trial court. She appeals a final judgment entered upon a jury verdict in a cause of action brought by the appellees, Sarah Drucker and M. K. Fisher, claiming a real estate commission.
The evidence is conflicting upon the issue of whether the appellee brokers produced a purchaser who agreed to purchase upon terms and conditions satisfactory to the appellant seller. This was the central issue of the trial, and it was resolved by the jury.
There is evidence in the record upon which the jury could have found that the appellant employed the brokers simply to find a purchaser for her property at a purchase price of $79,500 without specifying the terms of the sale; that the appellees produced a purchaser who signed a contract for the purchase of the property for $74,000; and that the appellant then agreed to sell her property at that price and upon the terms set out in the contract.
*891 Appellant urges that under these circumstances her oral agreement to sell was not sufficient to entitle the appellees to a commission, because verbal accord was reached as to price only. This issue was squarely presented to the jury, and by their verdict they found that the appellant agreed to sell upon the terms and conditions of the contract that was presented to her, although she did not sign the contract. This conclusion is supported by the fact that the parties proceeded in their actions as though they had reached agreement as to the terms of the contract.
The appellant relies for reversal upon the holding in McAllister Hotel v. Porte, Fla. 1957, 98 So.2d 781. We think that the holding in that case is not controlling because there the claim to a commission was based entirely upon a mere verbal accord between the parties as to the price. In the present instance the evidence is that the appellant agreed in the presence of the purchaser to all the terms and conditions of the contract and simply postponed signing the contract. Therefore, the jury could find that the appellees produced a purchaser on terms acceptable to the appellant seller. There was evidence that the appellant postponed signing the contract because she was not fully convinced that she ought to accept the terms, but the jury found to the contrary, and there is evidence to support the jury finding. Cf. Mellet v. Henry, Fla.App.1959, 108 So.2d 69.
Appellant also argues that the verdict cannot stand because the appellees admitted that after the parties had agreed on terms and conditions, the appellees agreed to accept a lesser commission than the one they had originally asked, because the appellant would not close the deal if the ap-pellees would not accept the lesser commission. This agreement was not an effective novation of the original agreement since it was not supported by consideration. See Spann v. Baltzell, 1 Fla. 301, 314, 46 Am. Dec. 346 (1847). In addition it may be noted that appellant did not close the deal but accepted a subsequent offer for a higher price from another purchaser.
Appellant’s third point charges that the admission of certain evidence was error. No error is shown by the record because the appellant herself volunteered the statement on a collateral issue which the court then allowed the appellees to impeach. But see Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 So. 479, 484 (1917).
Affirmed.