PER CURIAM.
Plaintiff, Simon, sued defendant and sought to recover a real estate commission. He appeals from a final judgment for defendant. The final judgment found, in part:
“The transaction involved in this proceeding had its genesis when a real estate broker in Hallandale in behalf of a prospective purchaser inquired of plaintiff broker if the latter’s office had knowledge of available property in a certain area of Key Biscayne. Plaintiff’s salesman called defendant to ask if a lot owned by him was for sale. Defendant replied that he and his partner ‘might consider a sale’ and when asked the price, named a cash figure. Two separate contracts, not for cash, were submitted to defendant and he rejected. Thereafter, plaintiff informed defendant that he had an all cash contract on his desk. It is undisputed that this contract was not submitted or delivered to defendant' prior to the time that he informed plaintiff that he and his co-owner had decided not to sell. Defendant testified he first saw the cash contract a few days after rejection of all offers when enclosed with a letter from plaintiff’s attorneys informing defendant that he was liable for a commission. Defendant’s statements relative to procuring the consent of his co-owner to the acceptance of any offer of sale was corroborated by every other witness. No contract was accepted or signed by defendant. The evidence further shows that the property was not sold to the plaintiff’s prospect or to anyone else, and remained unsold.”
Plaintiff’s position on appeal is that Mark v. Hahn, Fla.1965, 177 So.2d 5 compels reversal. We do not agree. In Hahn, there was a written listing and that decision turned upon the necessity to construe certain obscure language therein. Here, there was no written listing which required construction.
' The evidence, viewed in a light most favorable to the prevailing party, reveals that plaintiff submitted two written contracts to defendant. Neither written contract was for a “net cash” sale as defendant specified. When defendant rejected the second contract plaintiff told him by phone, that he had a third written contract which complied with plaintiff’s terms. There was evidence that plaintiff had this third contract in his possession when he submitted the second written contract to defendant. During the discussion about the second contract, defendant withdrew the real property from the market. The withdrawal was prior to the time any written contract was submitted to plaintiff which met his specific terms. We think the judgment should be affirmed for two reasons.
*488 One, plaintiff knew defendant required the consent of his co-owner for the execution of a contract and this was never obtained. Two, if plaintiff had a written contract which met defendant’s specific terms and submitted another written contract which did not and defendant withdrew the real property from the market before plaintiff tendered, or submitted, the third written contract then plaintiff is bound by his own acts. Plaintiff apparently submitted the second contract to defendant and withheld the third on instructions from the purchasers who hoped to purchase the property under the second contract on different or better terms. Plaintiff did not deliver a properly executed contract to defendant showing he had a purchaser ready, willing and able to perform on defendant’s terms before defendant, in good faith, withdrew the real property from the market. Under these circumstances plaintiff was not entitled to a commission and the judgment is
Affirmed.