302 So.2d 170 (1974)
Margaret C. CAMMACK, Appellant,
v.
Arthur G. LEONHARDT, Jr., Individually, and As Executor of the Estate of Ethel L. Crawford, Deceased, et al., Appellees.
No. 73-1422.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
Calvin J. Faucett, Orlando, for appellant.
Michael R. Walsh, Orlando, for appellees.
*171 DOWNEY, Judge.
This case involves an appeal from a summary judgment against plaintiff-appellant in a suit to recover a real estate brokerage commission.
Appellant filed her amended complaint in five counts. Count I is based upon breach of an oral listing contract; Count II is for fraud and deceit; Count III is based upon appellant's claim that she was the procuring cause of a sale; Count IV is based upon a conspiracy; Count V is for unjust enrichment. After the cause was at issue the court granted defendant-appellees' motion for summary judgment and dismissed appellant's complaint with prejudice.
Our review of the record convinces us that there is no genuine issue of material fact as to Counts II, III, IV, and V, and that as to those counts the summary judgment and the resulting dismissal were appropriate. However, there does appear to be a genuine issue of material fact involved in Count I.
The amended complaint alleged in Count I that appellee Leonhardt (individually and as executor of the estate which owned the real property in question) employed appellant to procure a purchaser for the property upon certain specified terms and conditions; that appellant procured a purchaser ready, willing, and able to purchase on those terms and conditions, but upon being so advised appellee Leonhardt instructed appellant to cease her attempts to sell the property and refused to pay her the commission then earned.
Leonhardt's deposition denies the listing agreement or that appellant ever produced a contract from a purchaser ready, willing, and able to buy. In her deposition appellant unequivocally details a conversation with Leonhardt in which she was given a listing on the property. She testified that her prospects agreed to the terms of the listing and that after she advised Leonhardt of this fact he directed her to proceed no further. Thus there is a dispute as to the material facts involved in Count I.
In their briefs appellees argue that the summary judgment was correct as to Count 1 because appellant never presented a contract signed by her prospects before her authority had been revoked or, as they put it, before the seller's offer had been accepted. This position, we think, misses the point. Count I is based upon an employment to find a purchaser ready, willing, and able to purchase on certain terms and conditions. Such a contract is fulfilled when the broker produces, in good faith, a purchaser who is ready, willing, and able to purchase upon the terms and conditions specified in the contract of employment. MacGregor v. Hosack, Fla. 1952, 58 So.2d 513; Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600 (1945); Randolph v. Neely, Fla.App. 1966, 185 So.2d 785.
Accordingly, the judgment appealed from is affirmed in part and reversed in part, and the cause is remanded with directions to reinstate Count I of the amended complaint.
WALDEN and CROSS, JJ., concur.