PER CURIAM.
The summary judgment entered below is reversed because the record reflects a genuine, triable issue as to whether the plaintiff-brokers earned their commission by producing a buyer ready, willing, and able to purchase on terms acceptable to the defendant-seller, and upon which he actually and specifically agreed. Hopkins v. Gibson Furniture, Inc., 312 So.2d 499 (Fla. 2d DCA 1975); Jerry Norris, Inc. v. Ackel, 311 So.2d 712 (Fla. 4th DCA 1975); Cammack v. Leonhardt, 302 So.2d 170 (Fla. 4th DCA 1974); see generally, Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed.