454 So.2d 747 (1984)
MID-FLORIDA REALTY ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
R.F. TRUESDELL and the Estate of Joseph O. Young a/K/a J.O. Young, Deceased, Appellees.
No. 83-1531.
District Court of Appeal of Florida, Fifth District.
August 23, 1984.
*748 Mikel W. Carpenter, of Arnold, Matheny & Eagan, P.A., Orlando, for appellant.
William M. Rowland, Jr., of Rowland & Thomas, P.A., Orlando, for appellees.
SHARP, Judge.
Mid-Florida Realty Associates, Inc. (Mid-Florida), a broker, appeals from the dismissal of its amended complaint seeking to recover a real estate commission from Truesdell and Young, sellers, on both an express and an implied contract theory. The suit was filed against Young's estate because he died after the events occurred which were alleged in the complaint as entitling appellant to a real estate commission. We reverse because we think appellant alleged a cause of action for a real estate commission.
Appellant alleged that it entered into an express exclusive right of sale contract for the appellees' 9.6 acres located in Orange County, Florida. The appellees agreed (expressly and impliedly) to pay appellant a commission if it obtained a buyer willing and able to purchase the property for $600,000.00 with 29% down, and the balance within five years, at 12% per annum interest. Mid-Florida procured such a buyer, and delivered to the attorney for the sellers, William Rowland, an executed contract substantially in compliance with the listing and the instructions given to it by the sellers.
Appellees succeeded in having the first complaint dismissed because the contract attached to the complaint contained paragraph number 22, that allowed the brokers to participate in the sale as buyers.[1] The court ruled this was a material deviation from the listing agreement.
In the amended complaint Mid-Florida added two allegations to overcome the apparent discrepancy. First, it alleged the sellers had accepted the terms of the proffered contract, except they wanted more money than the $600,000.00 agreed upon. The sellers' assent was allegedly told to the brokers by the attorney for the sellers, William Rowland, and appellant alleged Rowland was authorized to act for the sellers in this regard. Further, appellant alleged that Truesdell told appellant he agreed to the terms of the contract; and that both Truesdell and Young later, through their attorney, Rowland, approved the terms of the contract.
A real estate broker earns his commission in this kind of a contract listing when he presents to the seller a customer who is ready, able, and willing to buy the *749 property on the terms prescribed by the owner in the listing agreement  be it express or implied. McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla. 1957); Cammack v. Leonhardt, 302 So.2d 170 (Fla. 4th DCA 1974). The contract to purchase must be satisfactory to the owner.
If the contract departs from the owner's terms, or adds a provision not prescribed by the owner, it is considered to be a counter-offer, which the owner may accept. The issue in such a case is whether the owner actually agreed to the variation and accepted the contract as presented. Schmalzried v. Findley, 394 So.2d 436 (Fla. 3d DCA 1981); Jerry Norris, Inc. v. Ackel, 311 So.2d 712 (Fla. 4th DCA 1975). If the owner accepts the contract, or waives his objections, the broker may recover his commission, whether the contract actually closes or not. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (1944); General Development Corporation v. Chaffin, 126 So.2d 748 (Fla. 2d DCA 1961).
Further, such waiver or acceptance may be proved by showing actions or words of the seller inconsistent with a posture of rejecting the contract, Taylor, or by express assent to the contract  written or verbal. Block v. Drucker, 212 So.2d 890 (Fla. 3d DCA 1968). Such communications between buyer and seller may be transmitted through the parties' attorneys. See Schuele v. Sposato, 177 So.2d 864 (Fla. 2d DCA 1965).
In this case we think Mid-Florida pleaded a cause of action against appellees for a brokerage commission, even if paragraph 22 constitutes a material departure from the express or implied listing agreement. Appellant is entitled to try to prove appellees accepted the contract presented to them through Rowland by words or acts communicated directly to appellant, or through their attorney, or by their attorney acting on their behalf as their agent.[2]
Accordingly, we reverse the judgment of dismissal and remand for further proceedings.
REVERSED AND REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The paragraph provided:

The parties recognize that the Agent, or principals of the Agent, may acquire from Buyer an interest in the property.
[2] This later possibility is generally within the ambit of the pleadings, but proof of special authority will be required. See Rushing v. Garrett, 375 So.2d 903 (Fla. 1st DCA 1979).