NESBITT, Judge.
Harvey Burton, doing business as Investments Funding Associates, the real estate broker (broker) appeals a directed verdict entered in favor of Merritts Properties, Ltd. (seller), in the broker’s action for a commission and he also appeals an order awarding attorney’s fees to the seller. We reverse.
The seller engaged the broker to find a buyer for two pieces of property at a price that would yield a $100,000 profit to the seller after commissions. The broker obtained two proposed contracts (offers) on the two pieces of property which were in compliance with the $100,000 profit condition. The prospective purchaser was Da-modar Airan who was a real estate salesman for Action Real Estate (Action). The proposed contracts each provided that receipt was acknowledged of a check in the sum of $2,000 to be held in Action’s escrow account. Checks in the amounts of $2,000 on each proposed contract were written by Airan at the time the contracts were prepared. These checks were held by Airan as salesman for Action, but they were never deposited in Action’s escrow account.[1]
One of the offers proposed that Air-an convey a residential property to the seller as a portion of the purchase price. The seller indicated that it would rather not own the residential property and suggested that the broker buy the residential property from Airan and Airan use the proceeds of said sale for part of the purchase price. Airan and the broker agreed to this suggestion[2] and the proposed contracts were amended accordingly. Shortly thereafter, the seller advised the broker, via telephone, that the amended proposed contracts were acceptable and accepted the offers. The seller indicated that it would sign and return the contracts. Nevertheless, the seller never signed the contracts. Instead, *1330 further negotiations ensued and a sale of the properties was never closed.
Thereafter, the broker filed the instant action against the seller to recover a real estate commission. Several months before trial, the seller moved for summary judgment on the basis that discovery had revealed that the $2,000 checks had never been deposited in Action’s escrow account in accordance with the proposed contracts. The motion was denied. During the presentation of the broker’s case at trial, the jury was removed and the trial court had the broker’s counsel proffer the remainder of the testimony and evidence he planned to present. After hearing the proffer and determining that the checks indisputably were never deposited in Action’s escrow account, the trial court directed a verdict for the seller.[3] Subsequently, the seller sought and recovered attorney’s fees under section 57.105, Florida Statutes (1983). The broker appeals both the directed verdict and the order awarding fees.
The seller argues that Airan’s failure to deposit the checks in Action’s escrow account prevented the formation of valid sales contracts. Since the contracts were void from their inception, the argument goes, the broker has not produced a ready, willing and able purchaser and, therefore, he is not entitled to a commission. We reject the seller’s argument.
The seller has blurred the distinction between the sales contracts and the brokerage agreement. The complaint, as amended, is based on the allegation that the broker “produced a ready, willing and able buyer” as contemplated in the brokerage agreement. A real estate broker who is employed to produce a purchaser who is ready, willing and able to buy is entitled to commission when he fulfills such terms, and he need not procure a formal or binding written contract for purchase if such is not a stipulation of his employment. Randolph v. Neeley, 185 So.2d 785 (Fla. 1st DCA 1966). See MacGregor v. Hosack, 58 So.2d 513 (Fla.1952); Marlin v. Oakwood Manor, Inc., 309 So.2d 239 (Fla. 2d DCA 1975); Cammack v. Leonhardt, 302 So.2d 170 (Fla. 4th DCA 1974). Accordingly, we need not decide what effect Airan’s failure to deposit the checks in escrow had on the sales contracts[4] since the enforceability of these contracts is irrelevant under the alleged terms of the brokerage agreement being sued on.
In rendering this decision we do not intend to “establish” any facts. The issues presented are whether the seller employed the broker and, if so, whether there has been compliance with the terms of that employment. If, as alleged, the seller employed the broker to produce a ready, willing and able purchaser on terms certain, the enforceability of the sales contracts is not determinative of the broker’s right to a commission. MacGregor; Marlin; Cammack; Randolph. Although the seller may assert that Airan’s failure to deposit the checks in escrow is evidence indicating Airan was not a ready, willing and able buyer, such evidence is not conclusive on the issue. The issues presented, including whether Airan was ready, willing and able to purchase the properties, are factual issues that must be resolved by a jury. See Kowalski v. Wilder, 233 So.2d 159 (Fla. 3d DCA 1970).
Accordingly, the directed verdict and award of fees in favor of the seller are reversed and the cause is remanded for trial.

. Neither party in this action was aware that the checks had not been deposited in escrow prior to revelation of this fact through the discovery process in the present litigation.

. The seller claims that these negotiations led to the broker agreeing to reduce his commission in some relation to the value of the residential property he would acquire from Airan. The record, however, does not indicate that any real property was to be transferred from the seller to the broker in payment of the commission. Accordingly, at this phase of the case, we reject the seller’s contention that this agreement to reduce the commission makes the statute of frauds applicable to the brokerage agreement.

. Since we are reversing on the merits of the instant case, we need not determine the propriety of the trial court’s action in directing a verdict after requiring the broker to proffer his case.

. We note that the case heavily relied upon by the seller, Countywide Realty Corp. v. Albani, 420 A.2d 1181 (Del.1980), does not support its argument that the sales contracts were void ab initio. The court in Countywide Realty held that the failure to deposit cash in escrow in accordance with the contract involved there was a breach of the contract, not that the contract was void from its inception. In any event, the effect the failure to deposit had on a brokerage agreement was not involved in Countywide Realty.