943 So.2d 270 (2006)
REAL ESTATE WORLD FLORIDA COMMERCIAL, INC., Appellant,
v.
Louis GURKIN and Patricia Gurkin, Appellees.
No. 3D05-2593.
District Court of Appeal of Florida, Third District.
November 22, 2006.
Law Offices of Steven Friedman and Steven Friedman, Pembroke Pines, for appellant.
*271 Stuart L. Koenigsberg, for appellees.
Before COPE, C.J., and FLETCHER and ROTHENBERG, JJ.
COPE, C.J.
This is an appeal from a summary judgment in a real estate commission case. The trial court ruled that the alleged oral commission agreement was too vague and indefinite to be enforced. We respectfully disagree with that legal conclusion and remand for further proceedings.
There is a sharp disagreement between the parties about all of the facts of this case. Because this is an appeal from a summary judgment, we accept for present purposes the version of the facts most favorable to the nonmoving party, plaintiff-appellant Real Estate World Florida Commercial, Inc. ("broker").
The plaintiff is a real estate brokerage firm. The plaintiff asserts that one of the firm's agents, Mr. Chemaissem, entered into an oral brokerage agreement with defendants-appellees, Louis and Patricia Gurkin, for the sale of two commercial properties owned by the Gurkins.
According to Mr. Chemaissem, he followed up his conversation with the Gurkins with a letter stating what he believed had been agreed to. The letter stated in part:
Dear Mr. and Mrs. Gurkin:
It was a pleasure speaking with you on November 27, 2001. As per our conversation, it is my understanding that in the event Real Estate World Florida Commercial, Inc. (R.E.W.F.C.I.) obtains a purchaser for your property at the terms stated below, you will pay R.E.W.F.C.I. a professional fee of six percent (6%) of the sales price stated below or at any other price or terms upon which you agree.
 Price: $4,000,000
 Property: 7430 SW 59th Court (29
 Apartment Building)
 7500 SW 59th Avenue (18
 Apartment Building)
 Terms: All cash or Buyer to obtain
 new financing
IT IS UNDERSTOOD AND AGREED THAT YOU ARE FREE TO SELL YOUR PROPERTY YOURSELF OR THROUGH ANY OTHER BROKER WITHOUT ANY OBLIGATION TO R.E.W.F.C.I.
This agreement shall expire in twelve (12) months. R.E.W.F.C.I. is working in a non-representative capacity.
(Emphasis added; some emphasis deleted).
For present purposes we assume that the letter correctly stated the parties' understanding. As stated, the alleged agreement called for a six percent commission if the broker produced a buyer ready, willing, and able to purchase the identified properties for $4 million all cash or with new financing. Alternatively, if the Gurkins reached an agreement to sell the properties to the buyer at a different price, then the commission agreement would be six percent of the different price.
The trial court entered summary judgment for the owners finding the agreement unenforceable because the language "or at any other price or terms upon you which agree" was too vague and indefinite. The trial court reasoned that since the sale price was subject to negotiation between the Gurkins and any buyer, the commission amount would vary according to the sale price and would be too indefinite an amount to enforce. We disagree.
If the parties provide a practicable method for determining compensation there is no indefiniteness or uncertainty that will prevent the agreement from being an enforceable contract. See May v. Sessums & Mason, P.A., 700 So.2d 22, 27 (Fla. 2d DCA 1997) (quoting 1 Corbin on *272 Contracts, § 4.3, at 567 (Joseph M. Perillo, Rev. ed.1993)). The agreement here provided a "fee of six percent (6%) of the sales price stated below or at any other price or terms upon which you agree." The agreement was sufficiently definite to be enforced. See also Fisch v. Radoff, 353 So.2d 160, 162 (Fla. 3d DCA 1977) ("The fact that the details of the sale might be difficult or even impossible to work out between the seller and ultimate buyer does not, as a matter of law, necessarily preclude the viability of a contract which merely grants a broker the right to a commission if and when he is able to produce a purchaser. . . . ").
Here, the broker's affidavits assert that it entered into the oral commission agreement described above, and procured a purchaser ready, willing and able to buy the properties at the listing price and terms.[*] According to the broker, the transaction was not completed, not for any fault of the broker or purchaser but solely because the owners refused to complete the transaction. If such should be established at trial, the broker would be entitled to his commission. See Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 385-86 (1945).
The owners maintain that they never agreed to sell the properties and pay the broker a commission. That is a factual issue that must be resolved by a jury. See Burton v. Merritts Props., Ltd., 484 So.2d 1328, 1330 (Fla. 3d DCA 1986).
Accordingly, we reverse the summary final judgment and remand for further proceedings.
NOTES
[*] Florida law recognizes oral brokerage agreements. See St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla.2004).