SMITH, CHARLES E., Associate Judge.
The sellers of a parcel of real property, Mr. and Mrs. J. Edward Farrar, appeal the award of a $165,000 brokerage fee to a broker, Investors Realty Service, Inc., who did not effect the sale of the property. The appellants contend they should have been granted a directed verdict. We agree, and reverse the trial court’s judgment. Basic to our conclusion is the condition upon which it was agreed the broker would become entitled to a commission.
In early 1979 Mr. Farrar made known to Christian Johannsen, president of Investors Realty Services, Inc., that the Farrars’ Phillips Point property was for sale. There was no discussion of when the broker would become entitled to a commission. Over a period of time Johannsen presented and Farrar rejected eight different sales contracts. In the summer of 1980, Johann-sen presented an offer from a Mr. Holland, who proposed to build a condominium on the property. Holland offered 3.6 million dollars. Farrar indicated willingness to sell at this price if the $100,000 earnest money would be put at his disposal, rather than in escrow, and if the buyer would agree to sell Farrar a two bedroom condominium unit at cost. A sales contract, drawn by Holland’s attorney on the standard form of the Florida Bar and the Florida Association of Realtors was discussed at a meeting of Farrar and his attorney with Holland and his two associates, his lawyer, and Johannsen. Because the contract’s provision respecting the earnest money as well as other lesser provisions failed to conform to Farrar’s wishes, and because the contract did not provide for Farrar’s acquisition of one of the condominium units at cost, Farrar rejected it. A second agreement was drawn conforming to Farrar’s wishes. An addendum to this contract provided that Investors Realty Services, Inc., would receive a 5 per cent commission from the seller if, as and when the transaction closed. The standard brokerage fee provision was stricken from the form contract. Johannsen was present when substitution of the new provision for the standard brokerage fee provision was discussed. Jo-hannsen admitted he agreed to this new brokerage fee provision.
Mr. Farrar accepted a better offer from another buyer, and consequently never signed the above-described contract. Nevertheless, the trial court should have found as a matter of law, as we do now, that the brokerage fee provision it contained memorialized the understanding reached between the owner and the broker. A provision with this language requires payment of the brokerage fee only when the real property transaction is actually completed. The realtor was employed to effect a sale, not merely to obtain a ready, willing and able buyer. E.g., Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983 (Fla. 3d DCA 1983).
We reverse and remand for trial court action in harmony with this opinion.
GLICKSTEIN and HURLEY, JJ., concur.