PURDY, H. MARK, Associate Judge.
Home Federal Savings and Loan Association of Palm Beach (Home Federal) brings this appeal from a Final Judgment in favor of Illustrated Properties Realty and Fla-gler Financial, Inc. At issue is Home Federal’s obligation to pay a real estate broker’s commission to appellees.
*1245 Some time prior to May, 1982, representatives of Illustrated Properties Realty and Flagler Financial, Inc., both real estate brokers, contacted a representative of Home Federal and discussed obtaining a listing for the sale of Home Federal’s building in Palm Beach. No express listing agreement was signed, but specifics such as a 4Vi million dollar sale price, lease-back provisions, and a 10% brokers’ commission were discussed.
Eventually, appellees produced a Mr. Charles Martel, who, according to the lower court’s extensive findings of fact, was a ready, willing and able buyer. On May 24, 1982, Mr. Martel submitted a written proposal in the form of a letter of intent, which was generally in accord with the terms initially outlined by Home Federal. After discussion by Home Federal’s Board of Directors and further negotiations, the letter of intent was accepted on May 27, 1982.
The lower court further found that the appellees had earned their brokers’ commission as of May 27, 1982, because they had produced a ready, willing and able buyer. However, on that same day, the appellees agreed to a reduced commission and prepared and sent a letter to Home Federal, the full text of which is as follows:
Board of Directors
Home Federal Savings and Loan Association
293 South County Road
Palm Beach, FI 33480
RE: Home Federal/Martel Contract
Dear Sirs:
Pursuant to the receipt of the signed agreement for sale and purchase of the main office building, ancillary offices, and parking lots for 115 cars between Home Federal Savings and Loan Association and Mr. Charles Martel, the undersigned brokerage companies accept a brokerage commission of $175,000, due and payable upon closing of this transaction. There are no other brokers in this transaction, [emphasis added]
This letter-agreement was signed by agents of both appellees and was signed and accepted by Home Federal’s representative.
Thereafter, before all of the terms of the letter of intent could be incorporated into a formal, binding contract, as the parties had intended, Home Federal attempted to make changes that Mr. Martel would not agree to. As a result, no contract for sale was signed and the transaction never closed. The appellees brought suit for the $175,000 commission and obtained a judgment for that amount plus interest. We reverse.
The parties originally agreed upon a commission of 10% if they produced a purchaser ready, able and willing to buy on terms satisfactory to the bank. However, the court found that on May 27, 1982, there was a novation and the parties thereto agreed to a reduced commission of $175,-000 to make the deal more palatable to the bank. That new agreement was set forth in the letter of May 27, 1982, addressed to the bank directors and signed by both parties. However, as a novation we cannot ignore the plain language thereof, which provides that the commission will be “due and payable upon closing of this transaction.” This language was chosen by the appellees. The words “due and payable upon closing of this transaction” are clear and unambiguous and, as a matter of law, mean that no commission is owed unless the contract closes. Had it been the intent of the parties that the commission was earned and payment postponed until closing, this could easily have been expressed in equally clear and simple language. In the face of such clear expressions, the courts are not at liberty to go behind the language and find an intention contrary to their written agreement.
This court recently addressed this issue in Farrar v. Investors Realty Services, Inc., 448 So.2d 1182, 1183 (Fla. 4th DCA 1984). The operative language there provided a brokers’ commission “if, as and when the transaction closed.” There the court held that “A provision with this language requires payment of the brokerage fee only when the real property transaction is actually completed.”
*1246 In view of the foregoing, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for the appellant.
REVERSED AND REMANDED with directions.
DOWNEY, J., concurs.
DAUKSCH, JAMES C., Jr., Associate Judge, dissents without opinion.