PER CURIAM.
This is an appeal of a final judgment awarding real estate commissions plus prejudgment interest. We reverse.
Appellant Arvida Realty Sales, Inc. (Arvi-da) was the exclusive listing broker for the owner/developer of a condominium complex known as The Mayfair of Boca Raton. A provision of the exclusive agency brokerage agreement between Arvida and the owner/developer allowed Arvida to process sales through cooperating brokers.
To facilitate sales of the condominium units, Arvida informed other brokers, including appellees William R. Tinnerman & *1042 Co., Inc. (Tinnerman) and Steffen Realty Co. (Steffen), about the project and provided them with the co-broker sales registration procedure document. This document specifically provided that, “Commission is payable at the closing of the real estate transaction.”
Tinnerman produced three clients who entered into contracts to purchase condominium units, made deposits under the contracts, but later defaulted and failed to close on the purchase. Steffen produced one client who executed a purchase contract and made a deposit, but later defaulted and failed to close.
Tinnerman and Steffen filed suit, claiming entitlement to commissions. Arvida moved for summary judgment on the basis that closing was a condition precedent to the award of real estate commissions. This motion was denied.
A jury returned verdicts awarding commissions to appellees, and a final judgment was entered awarding the commissions plus prejudgment interest. Arvida filed a motion for' new trial, for a judgment notwithstanding the verdict and to alter or amend the judgment. This motion was denied, and Arvida timely filed this appeal.
Although Arvida raises five issues on appeal,[1] the underlying dispositive issue is whether the provision regarding payment of commissions in the co-broker sales registration procedure document is clear and unambiguous. The provision in question provides, “Commission is payable at the closing of the real estate transaction.”
We hold that this language is clear and unambiguous, and as a matter of law, means no closing, no commission. See Home Federal Savings and Loan Association of Palm Beach v. Illustrated Properties Realty, 465 So.2d 1244 (Fla. 4th DCA 1984); Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983 (Fla. 3d DCA 1983). Moreover, because this language is clear and unambiguous, the parol evidence of custom and usage which varied from the terms of the document should not have been admitted. See Roe v. Henderson, 190 So. 618 (Fla.1939); Dimension Four International, Ltd. v. Huskey Realty, 325 So.2d 34 (Fla. 4th DCA 1975).
In the instant case, none of the clients produced by appellees closed a real estate transaction, and therefore, appellees were not entitled to commissions. Accordingly, we reverse the final judgment awarding commissions and prejudgment to appellees, and remand to the trial court with instructions to enter a final judgment in favor of appellant.
DOWNEY and WALDEN, JJ., concur.
GLICKSTEIN, J., dissents with opinion.

. We do not address the other issues raised on appeal as they are rendered moot by our decision herein.